HENRY G. HIBBELER, PLAINTIFF IN ERROR, V. JOHN GUTHEART, THE STATE OF NEBRASKA, ALBINUS NANCE, ITS GOVERNOR, SAMUEL J. ALEXANDER, ITS SECRETARY OF STATE, GEORGE M. BARTLETT, ITS TREASURER, FRANCIS M. DAVIS, ITS COMMISSIONER OF PUBLIC LANDS AND BUILDINGS, AND CALEB J. DILWORTH, ITS ATTORNEY GENERAL, DEFENDANTS IN ERROR.

School Lands.   J. G. was in possession of a piece of school land as lessee, from the state, was in default of the payment of interest thereon, had been notified of such delinquency by the county treasurer, but no proceeding had been taken to dispossess him, when H. G. H. applied to the proper county officers and had the said land appraised, took out a lease for the same, surrendered his lease and applied to purchase the same, and perfected his purchase thereof according to the forms of law, except that the board of commissioners for the sale, leasing, etc., of the school lands, etc., refused to make or deliver to H. G. H. a contract of sale of the said land. *Held*, That the above facts constitute no cause of action on the part of H. G. H. against J. G. or the state board.

ERROR to the district court for Douglas county. Heard below on demurrer to petition, before SAVAGE, J. Demurrer sustained, and cause dismissed.

*John D. Howe*, for plaintiff in error.

*C. A. Baldwin,* for defendants in error.

COBB, J.

The plaintiff in error, who was plaintiff in the court below, presented his petition alleging that the said state officers constitute the board of commissioners for the sale, leasing, and general management of all lands and funds set apart for educational purposes and for the investment of school funds, created by the constitution and laws of the state of Nebraska; that on or before the 10th day of September, 1879, the lands hereinafter described belonged to the state of Nebraska, and were a part of what were known as its school lands, and were subject to lease and sale as such, as by law provided; that such lands are described as follows, to-wit: The southwest quarter of the northwest quarter, and the northwest quarter of the southwest quarter, and the southwest quarter of the southwest quarter of section thirty-six, in township fifteen north of range 12 east, in Douglas county, Nebraska, being 120 acres of land, known in said laws as the class designated prairie lands; that on or about September 10th, 1879, he leased said lands of and from said state in the manner provided by law; that prior to the 27th day of December, 1879, and about the 15th day of December, 1879, as such lessee he applied in writing to the county treasurer of such county, to have such land appraised for the purpose of sale, whereupon, upon the payment of six dollars by said lessee, said treasurer, together with the county clerk and county judge of said county, appointed appraisers, who appraised said lands at their just and true value, and returned their appraisement under oath as by law required; that within ten days after said appraisement, the said treasurer forwarded the same, together with the written application aforesaid, to the office of the said commissioners at or about said time, to-wit: December 27th,

1879; that said applicant, at or about said time, made a written surrender of his lease, and purchased said land at its appraised value ascertained as above, to-wit: $10.00 per acre, all as by law provided, but avers the truth to be that said state, said board, and said officers refused to make or deliver to plaintiff a contract of sale of said land, for the reason hereinafter shown, although plaintiff has in all respects complied with the law in that behalf, and paid, on or about January 1st, 1881, the sum of $64.00 interest and $120.00 principal, upon the purchase price, and has since paid the accruing interest thereon, to-wit, $64.80, on or about January 1st, 1881; that at a hearing had before said board, between the said Gutheart and the plaintiff, on or about April 26th, 1880, it decided the plaintiff had no right to said land, and refused to recognize his right thereto hereinbefore described, on the grounds below shown; but plaintiff avers that said hearing was informal and unauthorized by law, and that the decision of said board was ineffectual to determine or impair any right of the plaintiff in or to said land; that said defendant, Gutheart, is in possession of said real estate, claiming under a lease thereof, made to one Elizbeth Davis, about August 14th, 1869, by said state, that said lease having been, as claimed by defendant, assigned to one H. N. Goff, and by him assigned to said Gutheart prior to 1875, but avers the fact to be that said lessee and her assigns, including said Gutheart, failed to keep the covenants contained in said lease; that they, or either of them, paid no rents thereon after January, 1875, till after the date above named and the right of the plaintiff had accrued; and further says that notice of such default was served upon said parties, and each of them, prior to the passage of the act of the legislature concerning said school lands and funds, approved February 19th, 1877, as by law provided, on December 23rd, 1876, and on other days before and after, and that by reason of the

premises all rights and interests of said Gutheart in or to said land have been cut off and lost prior to the passage of said act, and that said Gutheart has since remained in possession thereof unlawfully and as a trespasser; that afterwards, on or about August 14th, 1878, said contract or lease under which said Gutheart claimed was formally cancelled of record, but that afterwards, as claimed by said Gutheart, and after plaintiff had purchased said land as aforesaid, said state, by its officers and agents, pretended to reinstate said lease under which said Gutheart claimed, in consideration of the payment by him or by some person ostensibly for him, of the rental so as aforesaid in default, under said lease, thereby assuming to cut off the rights in and to said land acquired by the plaintiff, upon the sole ground that said Gutheart had not had notice of the default above described, as required by law, and contrary to the facts in that regard; that plaintiff has sold, assigned or transferred no interest in said land, etc., and prays judgment and general relief.

To this petition the defendant Gutheart filed a general demurrer, which was sustained by the district court, and the plaintiff failing to plead further a general judgment was entered for the defendant, Gutheart, and dismissing the action. The said plaintiff brings the cause to this court on error.

The plaintiff in error, in his brief, claims under the provisions of law as found in the General Statutes, secs. 17 and 18, pp. 194 and 195, and suggests that if he has no case under these provisions he has none at all.

The case of the plaintiff, in effect, admits that the defendant, Gutheart, and those under whom he claims, were at one time in the rightful and exclusive possession of the lands in controversy; that he is now in the actual possession, but by virtue of the proceedings set out in the petition he, the plaintiff, has in the mean time become the

lawful owner and entitled to the possession thereof.   The provisions of sec. 18 above referred to are as follows :

Sec. 18.   In case of the violation of any of the covenants in the contract furnished by the lessee or purchaser by the nonpayment of money at the time specified in the contract, by the commission of waste upon the land, by removal of any improvements thereupon from the land without the consent of the commissioners, the county treasurer shall notify the lessee or purchaser of his or her delinquency and require the removal thereof by the fulfillment of the covenant of the bond and contract, and if such delinquency is not removed within thirty days, the lessee or purchaser shall yield possession of the premises to the state of Nebraska, and the property shall thereupon immediately revert to, and be revested in, the state ; and the contract shall be dissolved, and the rights of the lessee or purchaser, both legal and equitable therein, be absolutely determined, and the prosecuting attorney of the district shall, immediately after receiving such notice from the county treasurer of the violation of his or her covenants, by the lessee or purchaser of any school land, proceed against the person in possession of the premises involved, in the name of the people of the state of Nebraska for forcible detainer, and obtain restitution of the premises in the same manner and with the like effect as in case of tenants holding over.   In case of the violation of contracts by the lessee or purchaser of school lands, the county treasurer shall accompany his notice of such delinquency to the prosecuting attorney with attested copies of all papers which may prove the covenants and the violation thereof.

It was evidently the intention of the legislature, in passing the law containing these provisions, to hold the purchasers and lessees of the school lands to the strict performance of the terms of their obligations to the state. And while by the terms of the law all delinquents were limit-

ed to thirty days from the receipt of notice of such delinquency in which to remove the same, by payment, yet we think it was the policy of the law to allow them to do so at any time before the commencement of suit to dispossess them, by the prosecuting attorney, as provided for in the section. While the lessee is in possession, and not proceeded against in the manner provided by law, he is presumed to have rights, and these rights could only be cut off by the method pointed out in the name of the people, and not by proceedings moved by and in the name of an individual designing to become the purchaser or lessee, or otherwise. While the state can have no preferences as between different citizens, yet as the law does not favor forfeitures, it will always favor the removal of delinquencies, on the part of those already its lessees and in possession, rather than the forfeiture of their rights to make room for others.

We do not think it within the intention or policy of the law that the state should in any case give a second lease or contract for any portion of the school lands while the original lessee, or his lawful assignee, is in possession, claiming to be so rightfully. Such a policy would tend to litigation and in many instances to social disorder. To avoid this the law has provided a cheap and expeditious method for dispossessing its delinquent lessees and purchasers, and thus clearing the field for new applicants, whom it can let into immediate and undisputed possession.

It appearing from the petition that the defendant, Gutheart, was in the possession of the school lands during the whole of the proceedings on the part of the plaintiff, under which he claims, and still is, we think that the judgment of the district court is right, and it is accordingly affirmed.

JUDGMENT AFFIRMED.