JAMES MULLOY, JOHN MULLOY, AND PATRICK MULLOY, APPELLANTS, V. FRANK KYLE, ROBERT B. GRAHAM, J. W. BOGGS, JOHN M. THAYER, GILBERT L. LAWS, CHARLES H. WILLARD, WILLIAM LEESE, AND JOSEPH SCOTT, APPELLEES.

[FILED APRIL 10, 1889.]

1. Administration of Estates. An administrator may sell a lease, of real estate for a term of twenty-five years, held by his intestate, as personal property, under a proper order from the county court, without obtaining a license therefor from the district court, as in case of the sale of real estate for the payment of debts.

2. School Land Leases. A lease of school land executed by the proper state officer containing no provision for the purchase of the land by the lessee, is not rendered a contract for the purchase of land, under section 94 of chapter 23 of the Compiled Statutes, by reason of the provisions of section 15 of chapter 80, entitled School Lands and Funds, which gives the lessee of school land the first right to purchase the leased premises at their appraised value.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

Lamb, Ricketts & Wilson, for appellants, cited: State, ex rel. Damman, v. Commissioners, 4 Wis. (414) 432, and cases cited; Kerr v. Day, 14 Pa. St., p. 112; Champion v. Brown, 6 Johnson's Chancery, 398; Perkins v. Hadsell, 50 Ill. 218;

*Souffrain v. McDonald*, 27 Ind. 269 ; *Hall v. Center*, 40 Cal.
63 ; *Hibbeler v. Gutheart*, 12 Neb. 526 ; *Hurd v. Hall*, 12
Wis. 136.

*Charles O. Whedon*, for appellees, cited: *Gay's Case*, 5
Mass. 419 ; *Rogers v. Redick*, 10 Neb. 332.

REESE, CH. J.

As shown by the pleadings and proof in this case, Rich-
ard J. Mulloy died in the year 1884, in Holt county, being
at that time the holder of leases from the state for the
northwest quarter of the northeast quarter, and the west
half of the northwest quarter of section sixteen, township
eleven, range seven, in Lancaster county, said land being
a part of the school lands of the state.

Administration was duly granted upon his estate by the
county court of Holt county, and it was found that the in-
debtedness exceeded the moneyed assets in the administrator's
hands, whereupon the county court entered an order for the
sale of the school land leases referred to.    The leases were
on deposit in a bank in the city of Lincoln, but this fact
was unknown to the administrator, who, supposing them
to be lost or destroyed, procured duplicates thereof to be
issued by the commissioner of public lands and buildings.
These duplicates were assigned by the administrator to J.
W. Boggs, who afterward surrendered them to the state and
purchased the land.   Through *mesne* assignments, the con-
tracts of purchase were transferred to defendant in error
Kyle, who, without knowledge of any other claim upon the
land, paid full value therefor.   This action is brought by
the two surviving brothers of Richard J. Mulloy, as his
sole heirs at law, its purpose being to set aside the transfers
to defendant, and to decree them to be the owners, the
original leases having been found and produced upon the
trial.   The state officers did not answer, and no default
was entered against them.

The decree of the district court was in favor of defendants, from which plaintiffs appeal.

There seems to be but little, if any, contention over the facts in the case.

It appears that the granting of administration by the county court of Holt county, and all orders made subsequent thereto, with the exception of the one complained of, were legally and properly made, and that the purchase from the administrator was for full value and in good faith.

It is contended, however, that the county court had no jurisdiction or authority to order the sale of the leases by the administrator, as personal property, and this contention presents the questions: 1st, whether a lease of real estate for years is personal property, and upon the death of the lessee passes to the executor or administrator, or whether it is real estate and descends to the heirs; and 2d, whether the option given to the lessees of school land to purchase under the conditions prescribed by law is a contract for the sale of real estate under the provisions of section 94 of chapter 23 of the Compiled Statutes.

Assuming, 1st, that the leases issued by the proper officers of the state to Richard J. Mulloy, for a term of twenty-five years, are in no sense contracts for the purchase of real estate, we inquire whether such leases creating an estate for years would descend to the heirs at law of the lessee, or vest in the executor or administrator as personal property? At common law there can be no doubt upon this question, as the rule is universal that such leases would vest in the executor or administrator as personal property. (See *Kile v. Giebner*, 114 Pa. St. 381; Teideman on Real Property, sections 171, 174, 176, and 184; 1 Washburn on Real Property, section 17 p. 21, section 15 p. 494, sections 7 and 8 p. 472; Martindale on Conveyancing, 258, citing *Ex parte Gay*, 5 Mass. 419, and *Brewster v. Hill*, 1 N. H. 350; 4 Kent's Commentaries, 94; Willard on Executors, 259; Williams on Real Property, *9 and *10; Williams on

Executors, 746, et seq.; 6 Am. & Eng. Encyc. of Law, title, Estates, V, [Estates for Years,] and cases cited in note.)

From these citations it is clear that a lease for a term of years is chattel or personal property, and will vest in the executor or administrator, no matter how long the term. We are unable to find anything in the law of this state which changes this rule.

Our attention is called to section 44 of chapter 73 of the Compiled Statutes, entitled Real Estate, which is, that "The term real estate, as used in this chapter, shall be construed as coëxtensive in meaning with 'lands, tenements, and hereditaments,' and as embracing all chattels real, except leases for a term not exceeding one year."

The provisions of this section are limited to the chapter in which they occur, and which constitute the law governing the conveyance of real estate, the execution, acknowledgment, authentication, registration, and recording, of deeds; recording of wills, bequeathing real estate; the entering, recording, etc., of judgments; discharge of mortgages, etc.; but we are unable to see that the provisions of the section referred to are intended in any degree to control or modify the rule above cited. The law governing the estates of decedents is silent upon the subject; the rule of the common law must therefore obtain.

2d.—Section 94, of chapter 23, provides that: "If a deceased person, at the time of his death, was possessed of a contract for the purchase of land, his interest in such land, and under such contract, may be sold, on the application of his executor or administrator, in the same manner as if he had died seized of such land, and the same proceedings may be had for that purpose as are prescribed in this subdivision in respect to lands of which he died seized, except as hereinafter provided."

It is claimed by plaintiff in error that the leases referred to come within the provisions of this section, for the

reason that the lessee has an option to purchase the leased premises.

This option, it may be observed, is not given in the lease itself, but as a general provision of law. (Sec. 15, ch. 80, Comp. Stat.)

The provision is, that a lessee may apply in writing to the chairman of the county board to have the land embraced in his lease appraised for the purpose of sale. After such appraisement, the lessee may pay the county treasurer the appraised value of the land, and he shall then be entitled to receive a deed therefor, providing the land shall not be sold for less than $7 per acre. It is provided by section five of the same chapter, that upon an appraisement of school land, the commissioner of public lands and buildings shall, by himself or agent, attend at such times as the board may direct, but not more than once in one year, and offer the unsold lands at public auction. At this sale all persons are permitted to bid and buy. But by the provisions of section fifteen, the right is reserved to the lessee. Until he avails himself of that right he has nothing but a lease. The right is given solely by law. Even after appraisement, as provided by section fifteen, above cited, the lessee is under no obligation to purchase; he can pay the expenses of the appraisers and take no further action in the matter. We find nothing in the section which would change the character of the lease. We hold, therefore, that the order of the county court was within its jurisdiction, and that the sale made thereunder, having been made in good faith and for full value, conveyed the interest of the lessee to the assignee, and divested the estate of its interest in the leases. The decree of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.