GILBERT NELSON, APPELLANT, V. C. S. RADCLIFFE ET AL., APPELLEES.

FILED MARCH 27, 1923. No. 22311.

Leases. It is the rule in Nebraska that a lease for a term of years is chattel or personal property. *Mulloy v. Kyle*, 26 Neb. 313, followed.

APPEAL from the district court for Cheyenne county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*William B. Ross* and *R. P. Kepler,* for appellant.

*Radcliffe & Hyde, contra.*

Heard before MORRISSEY, C. J., ALDRICH and GOOD JJ., BEGLEY and BUTTON, District Judges.

ALDRICH, J.

This is an action in ejectment brought by plaintiff against defendants, with a claim for damages for alleged wrongful withholding of possession of a certain tract of school land in Cheyenne county. The case was tried in the court below upon an agreed statement of facts stipulated by the parties. Judgment was for defendants, and plaintiff appeals.

In 1899 the state of Nebraska issued to Mary Gilmer a school land lease covering section 36, township 16 north, range 52 west of the sixth P. M., Cheyenne county, Nebraska, for a period of 25 years. On or about April 8, 1920, Mary Gilmer, who was then owner of the lease, executed and delivered to the defendant bank her promissory note in the sum of $1,791.66, which note was in the

Nelson v. Radcliffe.

form of a collateral note, and the school lease was de-livered by her to the bank in accord with a statement to that effect in the collateral note which she signed. The note authorized the bank to sell the collateral school land lease upon certain conditions.

Having advertised the lease for sale, the bank sold the same to the defendant Radcliffe, who took possession of the land described. Prior to the commencement of this action, Mary Gilmer assigned the lease to plaintiff. The parties stipulated that she may be substitued as a party plaintiff in lieu of the plaintiff Gilbert Nelson.

Appellant contends: "The leasehold estate conveyed by the state of Nebraska to Mary Gilmer was and is real estate, and that all of the proceedings of the bank relative to the sale of the lease are void and convey no title whatever to the appellee Radcliff."

The only issue presented for our consideration is whether or not the school land lease involved in this action is real or personal property. After a careful examination of the facts and the law in this case we are of the opinion that this matter is governed by *Mulloy v. Kyle,* 26 Neb. 313. Also, upon further examination of the law, we find that this is the law of this state as appears in the case of *Hibbeler v. Guthcart,* 12 Neb. 526. We find in *Souffrain v. McDonald,* 27 Ind. 269, the same rule applies in Indiana as does in Nebraska. From these different citations it is clear that a lease for a term of years is chattel or personal property, and we cannot find any law in the state of Nebraska which changes this rule. We also find it to be the law that "An administrator may sell a lease of real estate for a term of twenty-five years, held by his intestate, as personal property, under a proper order from the county court, without obtaining a license therefor from the district court, as in case of the sale of real estate for the payment of debts." *Mulloy v. Kyle,* 26 Neb. 313. Thus, in the statement of fact and this brief discussion of the law as laid down in *Mulloy v. Kyle, supra,* we have,

in short, stated the law of the case as well as the facts involved.

Having determined upon the law and the fact that it is personalty rather than realty, it is finally determined as a matter of law that the issues herein presented are for affirmance. All the issues herein contemplated have been entered into and the appellant does not show any inclination now to entitle herself to the return of this lease under the facts and close out the issues between the parties. The issues presented here are fully resolved as a matter of law the same as they were in *Mulloy v. Kyle, supra,* and in affirming the instant case we follow the law as laid down and discussed in that case.

AFFIRMED.