OTIS A. HALL ET UX. *v.* VILLAGE OF SWANTON ET AL.

November Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 4, 1944.

*Sylvester & Ready* for the defendant.

*P. L. Shangraw* for the plaintiff.

BUTTLES, J.  The plaintiffs in this bill in chancery allege that they are the owners of a single family house in the defendant village which they occupy as a residence.  The defendant village, hereinafter termed the defendant, is engaged in the generation, sale and distribution of electric power and current and since Jan. 1, 1936, has published and had on file with the Public Service Commission a certain schedule of rates charged for such current and service, as applied to residences. The defendant is also engaged in the sale and distribution of water and water service for residence and domestic purposes and since Jan. 1, 1936, it has had on file, published and in effect a fixed schedule of charges for such water and water service. During the period referred to in the complaint it is alleged that the defendant, from time to time, has charged the plaintiffs rates much in excess of the rates so scheduled both for electric current and for water furnished to their residence. It is further alleged that on May 14, 1942, the defendant filed with the Public Service Commission an amendment to its electric rate schedule which would require the plaintiffs to provide a meter, thereby increasing the cost of electric service to them.  It is claimed that this amendment is invalid because the defendant failed to give thirty days notice and to comply in other respects with P. L. Sec. 6100. It is alleged that the defendant, in order to enforce compliance with its demands, has threatened to shut off the water and electricity from the plaintiffs' residence and has in fact at different times shut off the electricity therefrom. It is alleged that relief in a court of equity is required to prevent a multiplicity of suits and irreparable injury to the plaintiffs.

An injunction is sought restraining the defendant from collecting charges in excess of its scheduled rates or attempting to enforce compliance with the alleged illegal amendment above referred to. An accounting is also prayed for with a decree for

repayment of any money found to have been wrongfully extorted by the defendant from the plaintiffs. There is a further prayer that the court take cognizance of the matters set forth in the complaint, try and determine all issues presented and make such suitable and proper orders and decrees as may appear just and proper. There is also a prayer for general relief.

The defendant demurred to the complaint upon the grounds, in brief, that the plaintiffs have a complete and adequate remedy at law upon the facts stated, either through proceedings before the Public Service Commission or otherwise; that the charges assessed for water and water service are wholly matters sounding in a contractual relation between the plaintiffs and defendant of which a court of chancery is without jurisdiction; and that the court of chancery is without jurisdiction to order the refund of any alleged overcharges for electric current until the Public Service Commission shall have found that the charges made were not in accordance with the defendant's posted and published schedules of rates. The demurrer was overruled *pro forma* and the cause passed to this Court upon the defendant's exception before final judgment in accordance with the statute.

The charter of the Village of Swanton (No. 252 of the Acts of 1888, Sec. 32) provides that: "Said village shall have the power to provide a supply of water for the protection of the village against fire and for other purposes and to regulate the use of, and rates for, the same. And to light the streets of said village by electric lights or otherwise as said village may elect." Later amendments to the charter confirm the right to regulate the rates to be charged for water. By Section 1 of No. 208 of the Acts of 1908 it is provided that: "Said village shall have the power to * * * furnish water, electric lights and electric power to parties residing within or without the corporate limits of the village on such terms and subject to such regulations as may be agreed upon between the contracting parties."

The effect of P. L. Secs. 6084 and 6085 is to give the Public Service Commission general supervision of all companies, including municipalities, engaged in the manufacture, distribution or sale of gas or electricity directly to the public or to be ultimately used by the public for lighting, heating or power, and also of companies, *other than municipalities,* engaged in the collecting, sale and distribution of water for domestic purposes or fire protec-

tion purposes. This difference between the defendant's water service and its electric service, as we shall see, does not affect the questions here involved.

■ The promulgation and publication of rates for water service and for electricity constituted offers to furnish such services to all eligible persons who might apply therefor. It appears that the plaintiffs accepted the offers and thereby entered into continuing contracts with the defendant by which the latter was bound to furnish those services to the plaintiffs so long as they complied with the conditions of the contracts, and at the stipulated rates until those rates should be changed in the manner in which the defendant might be authorized by law to change them. But the complaint alleges that the schedules referred to were "the only rate schedules, charges, rates, rules and regulations as to charges in force" during the period in question. The facts alleged, if proved, clearly indicate breaches of the contracts.

■ ■ In acquiring and operating any kind of a public utility a municipal corporation acts in its private or proprietary as distinguished from its public or governmental capacity since the furnishing of water or lights to its inhabitants is in no sense a governmental function. *Valcour* v. *Village of Morrisville*, 104 Vt 119, 131, 158 A 83.

■ While an action at law would lie for damages caused by the unwarranted shutting off of a householder's water supply it is apparent that irreparable injury to convenience and health might well be caused thereby. An injunction is the proper remedy to prevent the shutting off of the water in cases where the consumer denies in good faith either his liability or the amount of the charge. 27 RCL 1457; *Carter* v. *Suburban Water Co.*, 131 Md 91, 101 A 771, LRA 1918 A 764, 765; *Gordon* v. *Doran,* 100 Minn 343, 111 NW 272, 8 LRANS 1049, 1053; Note 31 LRANS 302. The duty to its customers of a public utility engaged in the distribution of electricity does not differ from the duty of a public utility engaged in supplying water. The fact that a public service system is owned by a municipal corporation does not affect the rule that there must be no unjust discrimination and that the commodity must be furnished to each and every citizen or resident who needs the commodity sold or the service given. McQuillan, Municipal Corps 3591, Sec. 1697. After rates for electricity have been lawfully fixed

by statute, ordinance, order of a commission or filed schedules they must be adhered to; and neither higher nor lower rates may be charged than those specified. 29 CJS Electricity, Sec. 29; *Incorporated Town of Mapleton* v. *Pub. Service Comm.*, 209 Iowa, 400, 223 NW 476, 68 ALR 993.

An injunction will ordinarily be granted to prevent a public service corporation, or other corporation or individual, from wrongfully shutting off light which such corporation is under contract to furnish, on the theory that the remedy at law is inadequate, and that the shutting off of the supply would cause irreparable injury. 32 CJ 225 Injunctions, Sec. 349; *Mobile Electric Co.* v. *Mobile,* 201 Ala 607, 79 SE 39, LRA 1918F 667, 671; *People's Nat'l Gas Co.* v. *Amer. Nat'l Gas Co.,* 233 Pa 569, 82 A 935; *Sewickly Borough School Dist.* v. *Ohio Valley Gas Co.,* 154 Pa 539, 25 A 868.

A legal remedy in order to be adequate in the sense involved in determining the jurisdiction of equity must be "as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Bourke and Higgins* v. *Olcott Water Co.,* 84 Vt 121, 124, 78 A 715, 716, 33 LRANS 1015, Ann Cas 1912 D 108; *West Rutland* v. *Rut. Ry. Lt. and P. Co.,* 98 Vt 379, 382, 127 A 883. A remedy that might be had by these plaintiffs on application to the Public Service Commission is not considered adequate since the case presented is one that demands preventive relief. *West Rutland* v. *Rut. Ry. Lt. and P. Co. supra.* In that case it is said at page 383 of 98 Vt, 127 A at 884: "The allegations of the bill show that irreparable injury was threatened and that immedate relief was essential. This entitled the plaintiffs to relief by way of injunction. It is manifest that the Public Service Commission cannot grant this relief."

It is a well recognized principle that equity jurisdiction having rightfully attached on one ground, it should be made effective for the purposes of complete relief. *Holton* v. *Hassam,* 94 Vt 324, 328, 111 A 389; *Van Dyke* v. *Cole,* 81 Vt 379, 391, 70 A 593, 1103; *Deerfield Lumber Co.* v. *Lyman.* 1 Vt 201, 208, 94 A 837. This principle would warrant the cc of chancery, upon proof of the necessary facts, in restraining the defendant from henceforth collecting or attempting to collect from the plaintiffs charges for water or electricity in excess of its regularly established and published rates therefor, and from shutting off or dis-

continuing the plaintiffs' supply of water or electricity because of failure to pay such excessive charges.

The court would also be warranted, upon a proper showing, in granting the plaintiffs' prayer for an accounting and in rendering a decree for repayment of overcharges found to have been made. Whether the amendment requiring the plaintiffs to furnish a meter was made in accordance with provisions of the statute, and, if not, whether it constituted an unwarranted overcharge is a matter for the consideration of the trial court.

*Decree overruling defendant's demurrer affirmed and cause remanded.*