PERRY E. BOVE'S EXECUTOR *v.* MARIE H. BOVE ET ALS

(80 A2d 376)

February Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed May 1, 1951.

*Lawrence & O'Brien* for the defendant Marie H. Hufnail.

534

*Bloomer & Bloomer* for defendants Louis and Antonetta Ricci.

*Vernon J. Loveland* for plaintiff individually and as executor.

*Bove, Billado & Dick* for intervenors Amelia B. Beardsley et als.

CLEARY, J. This case has been here previously and is reported in 116 Vt 76, 70 A2d 562. Upon remand a decree was entered which adjudged that the present appellant, Marie H. Hufnail, formerly Marie H. Bove, became the sole owner of the fee of No. 7 Pine Street, Rutland, Vermont, upon the death of her husband, Perry E. Bove and that the lease of the property between Louis Ricci and Antonnetta Ricci, husband and wife, and Perry E. Bove terminated on his death, July 7, 1944. Thereafter Marie H. Hufnail filed a cross-bill and prayed for a decree ordering the Riccis to reimburse the executor of the Perry E. Bove estate for rent of the premises paid to the Riccis out of income belonging to the Perry E. Bove estate from the time of Perry's death to August, 1946. The intervenors, brothers and sisters of the late Perry E. Bove, moved to dismiss the cross-bill and the case is now here on the appellant's exception to the order granting the motion and dismissing the cross-bill.

One Billings was appointed special administrator of the Perry E. Bove estate. He was also named as executor of Perry E. Bove's will and later resigned. In that event the will named Angelo J. Spero as substitute executor and he was appointed and qualified. Later Spero as executor brought the original bill in chancery. Though not mentioned in the motion to dismiss the appellees now claim that the cross bill was properly dismissed because regarded with the law of the case it does not state a cause of action. They argue that since the law of the case is that Executor Spero was not the executor during the time the payments were made and since the rent now in dispute was paid to the Riccis by Billings as special administrator or executor before Spero was appointed executor the present cross bill was properly dismissed. The argument is unconvincing. No authorities are cited. So far as the present proceeding is concerned it is immaterial that the rent was paid to the Riccis by Billings as special administrator or executor rather than by Spero as executor. When Spero was appointed executor, when Billings resigned, and when the question of title to the real estate in question was determined, it became the duty of Spero as executor to seek to collect the money belonging to the Perry E. Bove estate and paid

the Riccis for rent of the premises subsequent to Perry E. Bove's death.

The first and several other grounds of the motion assert that the claim of the Bove Estate against the Riccis to recover rent paid the Riccis cannot be tried in chancery and that the matter is within the exclusive jurisdiction of the Probate Court. The cross-bill in question here pertains solely to a matter growing out of the original bill. When that is so the defendant is not required to show any ground of equity to support the court's jurisdiction. *Averill* v. *Vt. Valley RR*, 88 Vt 293, 299, 92 A 220.

The original bill in Chancery alleges that the executor is in possession of the premises in question to the great benefit of the estate, that Marie Bove and the Riccis have brought separate suits in ejectment against him, that if he is ejected the estate will suffer irreparable damage, that he has paid rent for the premises in question to both the Riccis and Marie Bove, that he is uncertain to whom he could or should pay rent, that some of the matters may be determined by actions at law, but in view of the many parties concerned, the various claims, rights, interests and the trust relationship the bill will prevent multiplicity of suits and that the plaintiff has no adequate remedy at law. It prays that the title and ownership of the premises and the rights of the parties be determined and for such other and further relief as to the court may seem just, proper and meet.

The defendant Riccis' answer to the original bill admits that the plaintiff has paid rent to them, that the bill will prevent a multiplicity of suits and that the plaintiff has no adequate remedy at law. In their cross bill the Riccis allege that Marie Bove has accepted income from the property, that their remedy for an accounting for the use and occupancy of the premises in question is by an action in equity, there being no adequate remedy at law. Their cross bill prays that Marie Bove account and pay to the Riccis all accrued rent and back rent of the premises. They also pray that the court determine the respective rights of the parties and for such other and further relief as the nature of the case may require and to the court may seem meet.

The answer of the brothers and sisters of Perry E. Bove to the original bill admits that the bill will prevent a multiplicity of suits and that the plaintiff has no adequate remedy at law. Their answer also admits all the allegations of the Riccis' cross bill. Their cross

bill alleges that Marie Bove has been paid a large amount of money by the legal representatives of the Perry E. Bove estate and alleges that they have no adequate remedy at law. Their cross bill prays that Marie Bove be made to account to the executor of the Perry E. Bove will and prays for such relief as the court deems meet.

When the case was heard below the chancellor stated in the presence of counsel for all the parties and without objection that the hearing would be confined to the issue of title to the 7 Pine Street property and would not go into the matter of accounting in connection with the use of that property until after the situation as to title was determined. The findings of fact state that "it was agreed that this hearing before the Chancellor should be limited to the issue in regard to the title to and the rights of the parties in and to the real estate in question, without going into the matter of an accounting between the parties. Such accounting being left for further hearing after the rights of the parties in and to the real estate was determined." The decree signed by the Chancellor states: "This is a partial decree only, and further hearings shall be had in connection with matters of accounting among the parties, and thereafter further decree made herein." The decree after remand signed by the Chancellor states: "Further hearing shall be had in connection with matters of accounting among the parties after which further decree will be made, which will also include disposition of the cross bills and determination of the questions of costs, but except as to such matters this decree is in all other respects final."

So, by the pleadings and by the proceedings heretofore had equity has properly taken jurisdiction of the issues relating to title to and accounting for the use of the premises in question. Therefore, equity will retain jurisdiction until complete relief is granted and until final disposition of the whole matter. *Cabot* v. *Hemingway,* 115 Vt 321, 323, 58 A2d 823; *Olcott* v. *Southworth,* 115 Vt 421, 425, 63 A2d 189; *Hall* v. *Swanton,* 113 Vt 424, 428, 35 A2d 381; *Scully* v. *Dermody,* 110 Vt 422, 429, 8 A2d 675; *O'Brien, Admr.* v. *Holden,* 104 Vt 338, 343, 344, 160 A 192; *Holton, Admr.* v. *Hassam,* 94 Vt 324, 328, 111 A 389.

The second ground of the motion is that the relief prayed for in the cross bill is not reciprocal. That ground was not briefed or argued by the appellees in this Court. In the absence of such we do not know what they claim in this regard and therefore we give this ground of the motion no consideration.

■■ The next ground of the motion is that the interjection of the issue set up and relief prayed for in the cross bill makes the cause multifarious. The intervenors argue that determination of the question rested in the sole discretion of the Chancellor. Our cases do not go that far. *Lewis* v. *St. Albans Iron & Steel Works,* 50 Vt 477, 482; *Hooker et al Co.* v. *Hooker,* 88 Vt 335, 347, 92 A 443. Some latitude of discretion is allowed the Court to which the question is presented but the use of discretion pertains to the convenience of dispensing with the rule in the particular case under consideration. It does not extend to decision of the question whether the pleading violates the rule forbidding the joinder of different matters in the same suit. See *Wade* v. *Pulsifer,* 54 Vt 45, 70. Multifariousness consists in joining in one suit claims of different natures. It is an essential element that the causes of action have no connection or common origin, but must be separate and distinct. *Fife and Child* v. *Cate,* 85 Vt 418, 425, 82 A 741; *Hooker et al Co.* v. *Hooker, supra,* 347. Here the causes of action are not separate and distinct but are closely connected. They both grow out of ownership of the premises in question, so they are not multifarious. The cross bill does not add a totally distinct issue as claimed by the appellees.

Another ground of the motion to dismiss is that the cross bill draws at least a partial settlement of the account of the executors of the Bove estate into the court of Chancery. That ground has no merit because the cross bill relates only to a recovery by the executor of rent paid to the Riccis. It does not involve settlement of the executor's account. Still another ground of the motion is that a decree of distribution is indispensable to any action against the executor of the Bove estate by the beneficiaries. The cross bill is not an action against the executor. It asks only for affirmative relief against the Riccis.

■■ The last two and only remaining grounds of the motion to dismiss are that, since the cross bill relates to the recovery of money and no decree of distribution has issued, only the executor may maintain an action for its recovery. The issue raised by the cross bill is germane to those presented in the original bill. One purpose of a cross bill, under our practice, is to obtain full relief to all parties touching the matters of the original petition. *Hathaway* v. *Hagan,* 64 Vt 135, 142, 24 A 131; *Averill* v. *Vermont Valley R. R.,* 88 Vt 293, 299, 92 A 220; *Brown* v. *Derway,* 109 Vt 37,

43, 192 A 16. The cross bill prays that the Riccis pay the rents received by them to the executor of the will. It is for the benefit of all concerned to have all matters growing out of those presented in the original petition determined here. To allow this to be done is merely to apply the familiar rule we have stated supra that when equity takes jurisdiction for one purpose, it will retain it until complete relief is granted. *Holton* v. *Hassam,* 94 Vt 324, 328, 111 A 389; *O'Brien, Admr.* v. *Holden,* 104 Vt 338, 344, 160 A 192. Equity will guard itself against embarrassment or defeat in dealing with matters with respect to which its jurisdiction has been properly invoked. Equity will not suffer obstruction. *Wetmore & Morse* v. *Bertoli,* 87 Vt 257, 266, 88 A 898.

We have considered and disposed of all the grounds stated in the motion to dismiss. Since none of the grounds of the motion are valid *the order dismissing the cross bill is reversed and the cause remanded.*