# Marc A. Poulin and Mariette M. Poulin v. Town of Danville and Town of Cabot

[260 A.2d 208]

No. 2-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*John A. Swainbank* and *Robert A. Gensburg,* St. Johnsbury, for Plaintiffs.

*Arthur L. Graves,* St. Johnsbury, for Town of Danville.

*Ryan & Ryan,* Montpelier, for Town of Cabot.

Keyser, J. The defendants, Town of Danville and Town of Cabot, each claim that certain land owned by the plaintiffs is

situated within its boundaries and thus each are assessing taxes thereon against the plaintiffs. The plaintiffs brought a petition for declaratory judgment in the Caledonia County Court of Chancery seeking to have the boundary line located for tax purposes.

Defendant Town of Cabot conceded by its answer plaintiffs' right to maintain their action. Defendant Town of Danville demurred to the petition. The grounds of its demurrer are: (1) lack of equitable jurisdiction and (2) the availability of an adequate remedy at law. The court below sustained the demurrer but granted leave for the plaintiffs to appeal before final judgment under 12 V.S.A. § 2386. The question certified to this Court for determination as required by Supreme Court Rule 2A reads:

> "Does the Court of Chancery by way of interpleader have jurisdiction in this cause in order to determine the location of the petitioners' lands and premises located either in the Town of Danville or Cabot or portions thereof in said towns; and further to determine the respective liability of the petitioners by reason of the location of said lands as far as said towns are concerned relative to taxation and zoning ordinance enforcement."

Although the certified question infers that the action is a bill of interpleader, it is in fact, as defendant Danville states in its brief, "a Declaratory Judgment proceeding" in equity and we so treat it.

■ The Declaratory Judgment Act was designed to supply deficiencies in legal procedure which existed before the enactment of the statute. It was not intended as a substitute for ample remedies in use before its adoption. *Glover* v. *Anderson*, 120 Vt. 153, 161, 134 A.2d 612.

■ As a remedial statute the Act is entitled to a liberal construction to effectuate its salutory purpose. *Farm Bureau Ins. Co.* v. *Houle*, 118 Vt. 154, 158, 102 A.2d 326. The cases which hold that equity will not interfere when there is an adequate remedy at law were decided before the Uniform Declaratory Judgments Act was adopted in this jurisdiction. There are many cases which hold that a proceeding for a declaratory judgment is a cumulative remedy and jurisdiction

is not absolutely barred by the existence of some other remedy. In that class of cases when a controversy exists a proceeding for a declaratory judgment may be maintained. *Gifford Memorial Hospital .v. Town of Randolph*, 119 Vt. 66, 71, 118 A.2d 480; *Farm Bureau Ins. Co. v. Houle, supra; Curtis* v. *O'Brien*, 117 Vt. 52, 58, 84 A.2d 584.

■ It is well established that a demurrer admits for the purpose of its consideration facts well pleaded and it is not aided by facts not appearing in the pleading demurred to. *Canfield* v. *Hall*, 121 Vt. 52, 54, 147 A.2d 886. The petition shows the following facts.

The land on the west shore of Joe's Pond is in the Town of Cabot and that on the east shore is in the Town of Danville. The petitioners own land located north of the north end of Joe's Pond, east and south of Joe's Brook as it enters the pond, south of the railroad right of way and east of Loon Hole Creek, so-called.

By legislative act passed in 1834, a tract of land containing an estimated one hundred forty acres lying in the Town of Cabot was annexed to the Town of Danville. The act describes the land as being "so much of the northeast part of the Town of Cabot as lies northerly and easterly of the main brook entering Joe's Pond from the north and northerly and easterly of said Joe's Pond, estimated at one hundred forty acres, be the same more or less."

The plaintiffs have developed their land in the disputed area for summer cottage sites at a substantial cost. The property was assessed in 1966 by Danville for $1500.00 and by Cabot for $1193.75. As a result of this double assessment the plaintiffs have been forced to pay taxes to both towns for several years. Although each town has been requested to take some action to afford relief to the plaintiffs none has been forthcoming.

The disputed boundary line between the towns centers on the location and course of the "main brook." The Town of Cabot claims the course of this brook has changed since 1834 and is not presently where it was then located. The Town of Danville claims to the contrary.

■ Double taxation is frowned on by the law and, in effect, this is the situation here, although not accomplished by the

same taxing authority. The express constitutional declaration is that every member of society "is bound to contribute his proportion towards the expence" of the protection given him by the state. Ch. I, Art. 9, Vermont Constitution. As property owners, the plaintiffs have the right to be taxed only once on their land.

■ The defendant (appellant) contends that the plaintiffs are asking the court to determine which of two water courses constitutes the true boundary between the towns. The question presented here is to which town do the plaintiffs legally owe a tax on their property. The location of the boundary is a factual question incidental only to the relief sought. True it is that the court is without jurisdiction to create a boundary line but it does have jurisdiction to locate it for tax purposes. *Putney* v. *Brookline*, 126 Vt. 194, 202, 225 A.2d 388.

■ That equity has jurisdiction in tax matters cannot be seriously contended. This was held in *Gifford Memorial Hospital* v. *Randolph, supra,* at p. 70; *Beebe* v. *Rupert,* 114 Vt. 172, 175–177, 41 A.2d 149.

The great majority of the courts have long since repudiated the doctrine that under no circumstances will equity enjoin the collection of a tax. 51 Am.Jur., Taxation, § 1218. The equitable jurisdiction in such cases has grown up gradually and is based upon the inequality of the position of the taxpayer and the collector who is entrusted with such extensive and drastic governmental powers and upon the hardship of making a citizen pay an illegal tax and institute long and expensive litigation as the condition of recovering it back. *Ibid,* at § 1230.

The action of the listers of both defendant towns in placing plaintiffs' property in the grand list of their respective town for tax purposes was the determination of a jurisdictional fact. Since this determination is in dispute, it becomes subject to review and must ultimately be decided by the court. If the listers of one or the other of the defendant towns had no power to list plaintiffs' land, the tax proceeding was illegal and wholly void.

■■ The defendant claims that full and adequate remedies at law are available to the plaintiffs. Such other remedy, or remedies, must be competent to afford relief on the very

subject matter in question, and be equally convenient, beneficial and effective. *Glover* v. *Anderson, supra,* at p. 160. Equity will afford relief unless there is a plain, adequate and complete remedy at law. *Gerety* v. *Poitras,* 126 Vt. 153, 155, 224 A.2d 919. And a legal remedy in order to be adequate in the sense involved in determining the jurisdiction of equity must be "as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Hall* v. *Swanton,* 113 Vt. 424, 428, 35 A.2d 381.

The remedies contended by the defendant to be adequate are: (1) *mandamus* proceedings; (2) payment of taxes under protest under 32 V.S.A. § 4821; (3) challenge of the appraisal and listing of their land under 32 V.S.A. §§ 4221–4222; and (4) filing an objection in the town clerk's office under 32 V.S.A. § 5292. We cannot accede to this contention of the defendant.

 *Mandamus* is not a proper remedy here. To justify the issuance of the writ, it must appear from the petition that the petitioner has a clear right to the performance of the acts which he seeks to compel. *In re Baldwin* v. *Morse,* 126 Vt. 442, 443, 234 A.2d 434. Such right of the plaintiffs is not present in this case and there is no binding duty on the selectmen to act. *Rutland Hospital, Inc.* v. *State Board of Health,* 126 Vt. 41, 45, 220 A.2d 722.

 Payment of taxes under protest as provided by 32 V.S.A. § 4821 will not afford relief to the plaintiffs. Plaintiffs would be forced to bring two separate suits in different counties. But an action against one town to recover the tax paid under protest will not operate as *res judicata* against the second town regardless of its outcome as both towns cannot be made a party to the same suit. And the outcome would not necessarily resolve the situation for the plaintiffs and they could reasonably expect to wind up in the identical position they find themselves in at the present time. The plaintiffs are not compelled to speculate upon their chances of obtaining relief at law where equity can grant relief. *Conn. General Life Ins. Co.* v. *Levin,* 115 Vt. 170, 174, 55 A.2d 127; *Union P. R. Co.* v. *Weld County,* 247 U.S. 282, 62 L.Ed. 282, 285–286, 38 Sup.Ct.Rep. 61.

An action brought by plaintiffs would place the burden of proof on them whereas it rightfully and equitably rests on the towns, or one of them. To subject the plaintiffs to the vexation and delay of protracted and expensive litigation to establish which of the two towns has the right to collect taxes on their property is unconscionable. Furthermore, if plaintiffs proceeded under the provisions of section 4821 a multiplicity of suits would result. The prevention of this is favored by equity. 27 Am.Jur., Equity, § 46. One of the heads of equitable jurisdiction in tax matters is the avoidance of a multiplicity of suits. The necessity of resorting to a multiplicity of actions for redress against unlawful tax negatives the existence of an adequate remedy at law and sustains the remedy by injunction. 51 Am.Jur., Taxation, § 1227.

Challenging the appraisal and listing of their property under 12 V.S.A. §§ 4221–4222 by each town does not reach the problem. Such procedure only involves the judgment of the listers as to the fair market value of the property involved. This can hardly be recognized as an adequate remedy at law.

Under 32 V.S.A. § 5292 a taxpayer may file objections to the validity of the tax assessed against him and may not contest the same unless he does so. Again, taking such action will not afford relief to the plaintiffs since here the validity of the taxing procedure is not involved.

We hold that the plaintiffs do not have an adequate remedy at law.

Here, a controversy clearly exists in that each defendant town claims the right to tax plaintiffs' land and actually are doing so. This has forced plaintiffs to pay taxes in both towns for several years. While no present threat by either town to proceed in the collection of its taxes assessed on plaintiffs' property is made apparent by the record, there is, however, like the sword of Damocles, the ever present danger and risk that if the taxes are not paid action will be taken. Furthermore, the situation creates a cloud on plaintiffs' title which adversely affects their sale of all or parts of the premises and could result in their property having to be sacrificed unless relief is granted. Also, the plaintiffs are restricted in the use

they can make of their property since both towns have conflicting zoning ordinances which affect the area.

The facts sufficiently establish that the plaintiffs have been already damaged and are threatened by further damage through the continued assessment of taxes by each town wholly because of the unwillingness and inertia of the towns to resolve their boundary line dispute. The plaintiffs are the ones innocently being hurt, not the towns, as the town officials can sit back as they have been doing, collect the taxes assessed and let the plaintiffs suffer. This creates a wrong without an adequate remedy unless equity intervenes and takes jurisdiction.

The defendant cites *Manchester* v. *Townshend*, 109 Vt. 65, 192 A. 22 in support of its contention that the plaintiffs have no right to a declaratory judgment. In that case the town of Manchester brought a declaratory judgment proceeding against three defendant towns in the alternative seeking to recover from one of the towns its expense for the support of a pauper. The court held at page 69 that in equity there may be a joinder of defendants where there is a community of interest in questions of law and fact. Since the proceeding was against three defendants in the alternative with recovery only possible against one, the court held the suit was not proper for equitable relief.

We are satisfied that in the case at bar there is a community of interest existing in the subject matter litigated. The common interest lies in the jurisdiction to tax the subject property and in this respect the *Manchester* case is distinguished from the instant case and is not controlling.

 There are, as we have pointed out, several grounds for the equity court obtaining jurisdiction of the controversy at hand. And having rightfully attached on one or more of the grounds the court will retain jurisdiction until complete relief is granted. *Hall* v. *Village of Swanton*, 113 Vt. 424, 428, 35 A.2d 381. And there should be a declaration of the rights of the defendant towns to assess and collect taxes on the plaintiffs' real estate. Since the issue of tax jurisdiction is a matter each town has raised, it is for the trial court to determine which of the two towns shall go forward with its proof.

The plaintiffs' prayer for a temporary injunction to restrain collection of taxes on their property pending final disposition of this case should be granted.

Complete justice in this case will be done by having both defendant towns before the court so that it may be determined which one of the two have legal jurisdiction over the plaintiffs' property for tax and zoning purposes. The plaintiffs should be ordered to pay into court the larger amount of any taxes now due, and to become due, on their property, the amount of the lawful tax to be paid over to the town which establishes its right thereto. Temporary injunction should issue against the officers of each town from proceeding with the collection of its tax assessment. Upon termination of this action, permanent injunction should issue restraining further tax proceedings against plaintiffs' land here involved and declaring the unauthorized tax illegal and void as to the town not prevailing herein.

The court erred in sustaining the demurrer of defendant Town of Danville.

*Decree reversed; cause remanded for further proceedings not inconsistent with the views expressed in the opinion.*