## SUMMIT REALTY, INC.
### v.
### Walter W. GIPE.

Supreme Judicial Court of Maine.

Feb. 21, 1974.

Childs, McKinley & Emerson by Dana W. Childs, Richard S. Emerson, Jr., Richard A. Davis, Portland, for plaintiff.

Wilson, Steinfeld, Murrell & Lane by Henry Steinfeld, Thomas P. Wilson, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is a sequel to our decision in Buck v. Kilgore, 298 A.2d 107 (Me.1972).

Summit Realty, Inc., (Summit) held options to purchase property in South Portland for the purpose of constructing thereon a gasoline service station and a car wash. On April 14, 1971, Summit applied for a building permit to the defendant (Building Inspector of the City of South Portland) and this permit was issued on July 9, 1971. Because *Buck* was on appeal to the Law Court and because it would be pointless to construct a gasoline service station without a flammable liquid permit, construction was deferred pending our decision. *Buck* was decided December 20, 1972, and Summit immediately proceeded to exercise its options and consummate an agreement to cause the land to be conveyed to Humble Oil and Refining Company (Humble), the closing date being January 4, 1973.

Before the closing date Summit learned that the defendant was proposing to revoke the building permit, although no indication of this intent was apparent until after *Buck* was decided. As a result of this knowledge, on January 3, 1973, Summit instituted a complaint against the defendant seeking injunctive relief to prevent the revocation of the building permit. Following a hearing in the Superior Court the defendant was enjoined and ordered to reinstate the building permit, which he had revoked after the complaint had issued. From this order the defendant has appealed, raising two issues, namely:

(1) Because a South Portland city ordinance allows a building inspector to revoke a building permit under certain conditions, and provides for an appeal to the city council in the event of such revocation, and because Summit did not avail itself of this right to appeal, it has, therefore, failed to exhaust this administrative remedy and has no standing to seek injunctive relief.

(2) Assuming that the plaintiff does have standing, the findings and decision of the Justice are not supported by the facts.

We deny the appeal.

 Although the notice for hearing before the single Justice was limited to the issuance of a preliminary injunction, the record makes it clear that both parties and the Justice below considered that the trial was on the merits of the action. In neither brief has it been suggested that the order appealed from was not final, rather than interlocutory. The phraseology adopted by the single Justice in his order makes this apparent.[1] This is likewise consistent with Maine practice. A trial on the merits is often advanced and consolidated with the hearing on an application for a preliminary injunction. Rule 65(b)(2), M.R.C.P. *See* Field, McKusick and Wroth, Maine Civil Practice, Commentary 65.4. We consider the case, therefore, as an appeal from a final judgment.

 Appellant has the affirmative duty of supplying this Court with an adequate record upon which consideration can be given to the arguments advanced in support of the appeal. Although appellant has cited a South Portland city ordinance in his brief, this ordinance was not made a part of the record. Neither has Summit consented to the consideration of this ordinance as though it were a part of the record. In short, appellant is urging that we support his appeal by interpreting a city ordinance which is not properly before us. We have consistently held that the existence of municipal ordinances must be

---

1. "IT IS HEREBY ORDERED that the defendant, Walter W. Gipe, Inspector of Buildings for the City of South Portland, Maine, his agents, servants, employees, attorneys and successors in office, shall forthwith reinstate Building Permit No. 7918 issued to Summit Realty, Inc. by defendant on July 9, 1971 and revoked by defendant on January 3, 1973. It is further ordered that defendant, his officers, agents, servants, employees, attorneys and successors in office, be and hereby are enjoined and restrained from interfering with the rights of plaintiff, or its transferee, with respect to said building permit." This order is consistent with the form suggested for a permanent injunction. *See* Field, McKusick and Wroth, Maine Civil Practice, Commentary 65.16.

proved and that they are not subject to judicial notice. Ouelette v. Miller, 134 Me. 162, 165, 183 A. 341, 342 (1936); Neallus v. Amusement Company, 126 Me. 469, 473, 139 A. 671, 673 (1927).

We have recently adhered to this position in holding that if an attack is made upon the validity of a specific ordinance, such an ordinance must be included in the record before the Court is under any duty to pass upon its validity. City of Saco v. Tweedie, 314 A.2d 135 (Me.1974). We see no occasion to depart from this rule.

■ Assuming, *arguendo,* that the ordinance had been made a part of the record, it does not necessarily follow that the plaintiff has no standing to seek equitable relief because it did not exhaust the administrative remedies available under the ordinance. We held in Stanton v. Trustees of St. Joseph's College, 233 A.2d 718, 724 (Me.1967):

> "We accept the doctrine of exhaustion of administrative remedies as a general principle. We recognize, however, that special circumstances may require a relaxation of the rule. Such circumstances occur when the plaintiffs' complaint alleges persuasive grounds for relief which are beyond the jurisdiction of the administrative agency to determine, and when it would thus be futile for the plaintiffs to complete the administrative appeal process . . . ."

Without a building permit Summit was in no position to exercise its purchase option and to consummate its agreement with Humble. Being faced with a threatened revocation of the building permit and with only one day remaining in which to protect its interest in the realty, Summit sought injunctive relief to *prevent* the defendant from revoking the permit. The ordinance contained no provision under which this particular type of relief could be granted. Therefore, it is clear that adherence to the appellate procedure delineated in the ordinance would be futile. Under these circumstances equitable remedies are appropriate.

We hold that the appellant's first position is without merit.[2]

■ Appellant has also argued that the findings of the Justice below are not supported by the record. We have reviewed the record carefully and determine that the conclusions reached by the Justice below are amply supported by the testimony. His findings, therefore, cannot be said to be "clearly erroneous." City of South Portland v. Pine State By-Products, Inc., 306 A.2d 1, 4 (Me.1973).

The entry is

Appeal denied.

All Justices concur.

WEBBER, J., sat at argument but retired before this opinion was rendered.

---

2. Appellant did not argue that Summit failed to follow Rule 80B, M.R.C.P., which provides the ordinary procedure for review by the Superior Court of the action of an officer representing a governmental agency. Our Civil Rules of Procedure have statutory force. 4 M.R.S.A. § 8. The general rule seems to be that the existence of a statutory procedure whereby relief from the action of an administrative agency is sought *does not necessarily* prevent the use of another procedure seeking equitable relief. If the protection of property rights is involved, the courts look not to the adequacy of the remedy provided by either statute or rule alone, but rather to its effectiveness. *See* Cooper v. Castagnello, 64 Misc.2d 448, 315 N.Y.S.2d 882 (1970); Poulin v. Town of Danville, 128 Vt. 161, 260 A.2d 208 (1969); Commissioners of Cambridge v. Eastern Shore P. S. Co., 192 Md. 333, 64 A.2d 151 (1949) Diggs v. State Board of Embalmers and Funeral Direct., 321 Mich. 508, 32 N.W.2d 728 (1948); City of Dallas v. McElroy, 254 S.W. 599 (Tex. Civ.App.1923). Therefore, the failure of the plaintiff to follow the procedural mandates of Rule 80B does not necessarily deprive the Court of the right to grant equitable relief, since the complaint may be considered as one for *declaratory judgment.*