Eaton, J.,
¶ 45. concurring. I concur with the outcome reached by the majority, and agree with its analysis of the issues, except as to the applicability of 12 V.S.A. § 5161. Despite its lengthy analysis of statutory partition, the majority appears to rely upon equitable, not statutory, partition to support the trial court’s decision to partition the leasehold interest of the parties. I agree that equitable partition is available and appropriate under the circumstances of this case. Because the majority relies upon equitable partition, the historical overview of statutory partition is largely unnecessary to the result. I am also not convinced that statutory partition is available in this case, and to the extent the majority holds that statutory partition provided any authority for the court to partition the leasehold interest, I disagree.
¶ 46. Our partition statute provides: “A person having or holding real estate with others, as joint tenants, tenants in common or coparceners, may have partition thereof.” 12 V.S.A. § 5161. I do not necessarily agree that a thirty year ground lease is an interest which constitutes “having or holding real estate.”
¶ 47. Because the statute provides for partition only for those having or holding an interest in real estate, other interests do not fall under the statute. That some courts have decided partition is available for leasehold interests begs the question of whether a leasehold interest is an interest in real estate, a personal property interest, or a hybrid interest of some kind, the classification of which impacts the applicability of the statute. Our partition statute does not apply to personal property or hybrid interests, nor does it expressly apply to leaseholds. Some state statutes *183 make partition expressly available to interests in real or personal property. See, e.g., Colo. Rev. Stat. Ann. § 38-28-101. Although certainly the Legislature could have specifically included leaseholds, or, more generally, personal property, within the property interests for which statutory partition is available, it has not done so. Thus, cases holding that a leasehold is either a personal property interest or a hybrid interest between personal and real property, even if those decisions allow for partition, lend no support to an action for partition based upon our partition statute, which is confined to those persons having or holding interests in real property.
¶ 48. Several courts have held that a lease is a species of personal property. See In re Marino, 813 F.2d 1562, 1566 (9th Cir. 1987) (finding a fifty-year lease on lands where apartments were built to be personal property under California law); Fleet Nat'l Bank v. Raleigh Oaks Joint Venture, 451 S.E.2d 325, 328 (N.C. Ct. App. 1994) (“[A] lease is a species of personal property” (citation and alteration omitted)); Swayze v. Bartlett, 273 P.2d 367, 372 (N.M. 1954) (“So far as the state lease in question is concerned, it is a chattel and not real property.”); Mulloy v. Kyle, 41 N.W. 1117, 1118 (Neb. 1889) (“[A] lease for a term of years is chattel or personal property.”). Others, as the majority notes, have recognized a lease as a hybrid, falling in between real and personal property interests. See Dist. of Columbia v. 17M Assocs., 98 A.3d 954, 961 (D.C. 2014) (“[A] lessee’s possessory interest, although an interest in real property, is ultimately a species of personal property.” (emphasis in original)); Wilson v. Prentiss, 140 P.3d 288, 290-91 (Colo. App. 2006) (finding partition of leasehold interest in divorce proceeding appropriate where statute allowed for partition or real and personal property).
¶ 49. The majority delves into 500 years of history to conclude that leasehold interests under Vermont law are an interest in real property, or sufficiently akin to one, to enable partition under 12 V.S.A. § 5161 et seq. In support of this conclusion, the majority relies on several decisions which have allowed for partition of leasehold interests, a broader question than whether partition is authorized under 12 V.S.A. § 5161. In my view, these parties, through this leasehold arrangement, did not have or hold an interest in real property, and therefore were not entitled to partition under the statute.
¶ 50. Simply because statutory partition was not available does not mean that partition was inappropriate here. Equitable rem *184 edies are available when there is not an adequate remedy at law on the very subject in question. Poulin v. Town of Danville, 128 Vt. 161, 166, 260 A.2d 208, 211 (1969) (“Equity will afford relief unless there is a plain, adequate and complete remedy at law”).
¶ 51. I agree with the majority’s conclusion that equitable partition, in addition to statutory partition, is part of the law of Vermont and that in reaching an equitable division of the parties’ property, the court could employ equitable partition under the facts of this case. In my view, 12 V.S.A. § 5161 does not apply in this instance, making equitable partition available and appropriate. The arrangements concerning this leasehold were such that employing equitable partition was an appropriate method to arrive at an equitable division of the parties’ property. That is not to say that resorting to partition was the only possible means to arrive at an equitable division, or that it is required to be used in similar circumstances. Partition, whether employed under the statutory framework, or as a part of the court’s equitable powers, is cumbersome, potentially expensive, and time-consuming. Using it with every division of a leasehold interest that comes before the court in a divorce or civil proceeding among unmarried cohabitants would be unwise and unworkable. In long-term lease situations, however, or those where valuation of the leasehold is particularly difficult, it should be one of the tools available to the trial court, in its discretion, in discharging its obligation to divide the parties’ property in an equitable manner. See Begin v. Benoit, 2006 VT 130, ¶ 8, 181 Vt. 553, 915 A.2d 786 (mem.) (equitable division of personal property along with a statutory partition of joint tenancy in real property). Accordingly, I concur.