In re Estate of Alma Lois Benton, deceased.
Hans Nielsen et al., appellants, v. A. C. Sidner, Executor, et al., appellees.
215 N. W. 2d 86

Filed February 14, 1974.    No. 39172.

Bernard T. Schafersman of Yost, Schafersman, Yost & Lamme, for appellants.

Sidner, Svoboda, Schilke & Wiseman and Kerrigan, Line & Martin, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

McCOWN, J.

This is an action to determine the allocation of estate taxes and inheritance taxes on property passing under the will of Alma Lois Benton. Taxes involved here are on the benefit received by the appellants, Hans Nielsen and Jerry Nielsen, by reason of the exercise of a bargain purchase option on real estate granted in the will. The District Court determined that the estate taxes due to the United States and the State of Nebraska should be apportioned and prorated among the persons interested in the estate as provided for in section 77-2108, R. R. S. 1943. The District Court also ordered that any inheritance taxes assessed with respect to the benefit received by Hans Nielsen and Jerry Nielsen by exercise of the bargain purchase option should be assessed to them and not to the residuary heirs. Hans Nielsen and Jerry Nielsen have appealed. We affirm.

Alma Lois Benton died March 27, 1972. Her will, executed on June 6, 1963, and three subsequent codicils were admitted to probate. The bargain purchase option was granted to the appellants, her tenants for many years, under paragraph Seventh of her will. The testatrix directed that the two farms be sold "to Hans and Jerry Nielsen on the following terms:

"(a) Total price to be on basis of $200.00 per acre to be payable in cash, if necessary to obtain funds with which to close my estate, or if the cash is not needed, the executors may sell on the basis of 1/15th down and 1/15th

each year with first four years without interest and thereafter at 4% interest with buyers paying taxes, assessments and insurance during this period.

" (b) If the buyers elect to purchase at this price, they shall notify the executors in writing by March 1st, following the admission of this will to probate.

" (c) In order to carry out the provisions of this paragraph, I have left deeds with this will which my executors can deliver upon payment as provided for herein."

The total purchase price of the farms under the provisions of the option was $39,200 and the value of the farms as of the date of death of the decedent, and as appraised and returned for federal and state estate tax purposes, was $143,600. The value of the bargain purchase right obtained and exercised by the appellants under paragraph Seventh was $104,400.

The District Court ordered that the executor recover from the Nielsens the sum of $26,674.20 as an equitable apportionment of estate taxes pursuant to section 77-2110, R. R. S. 1943, and also ordered that any inheritance taxes with respect to the benefit received by the Nielsens should be assessed to them and not to the residuary heirs.

The relevant provisions of the testatrix' will in addition to paragraph Seventh already set out are as follows:

"FIRST. I hereby direct that all of my just debts, funeral expenses and costs of administering my estate be paid out of my personal property * * *.

"THIRTEENTH. In the event that after paying debts, expenses and taxes, there is not enough on hand in my estate to pay the legacies in Section Tenth and Twelfth and the devise in Section Eighth, I direct that the legacies be reduced proportionately and the devisees in Paragraph Eight share proportionately based on appraised value in order to pay this shortage, if any.

"FOURTEENTH. In the event there is any surplus, I direct that it be divided equally between my cousin,

Phyllis Benton Franklin Griffin, 119 Ricardo, and her two children, Gary Griffin, Englewood, Colorado and Judy Griffin Carr, Atwater, California."

By subsequent codicils, the testatrix revoked the legacies in paragraph Twelfth and the devise in paragraph Eighth, as well as some other legacies and bequests, including one in paragraph Tenth. As of the time of her death, paragraph Tenth applied only to a bequest of $5,000 to a cousin and his wife and the gift of her automobile to one Gus Herndon.

The foregoing quoted provisions are the only provisions of the will or of any codicil which mention taxes of any kind. There is no mention of either inheritance taxes or estate taxes as such, nor any specific direction to the executors to pay taxes of any kind.

The appellants' contentions do not distinguish between inheritance taxes and estate taxes but treat them as identical and interchangeable. Their assignments of error refer to the payment of "inheritance taxes," while the critical statute, section 77-2108, R. R. S. 1943, applies only to estate taxes. For clarification we find it necessary to point out that inheritance taxes in Nebraska are imposed on each beneficiary's right to receive a portion of the property of a decedent, and the amount of the tax on each beneficiary is based upon the value of the property "received by each person." §§ 77-2001 to 77-2037, R. R. S. 1943. Estate taxes imposed by the United States and Nebraska are taxes upon the right to transmit property by a decedent and the amount of the tax is based upon the value of the whole estate transmitted by the decedent, regardless of the number of beneficiaries.

In the absence of statute, or effective provisions in the will, the general rule in most states was that estate taxes were normally chargeable first to the residuary estate. Statutes in most states have now altered that rule. In Nebraska such an apportionment statute was adopted in 1949. Section 77-2108, R. R. S. 1943, now provides:

"Whenever * * * an executor * * * has paid or may be required to pay any estate tax levied or assessed under Chapter 77, article 21, or under the provisions of any estate tax law of the United States heretofore or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid or payable, *except as otherwise directed in the decedent's will,* * * * shall be equitably apportioned and prorated among the persons interested in the estate. * * *." (Emphasis ours.)

The appellants contend that the language of the will indicates the testratrix' intention to make a gift to them free from any inheritance or estate taxes, and that the will therefore constitutes a direction against apportionment. They rely largely upon cases involving judicial attempts to ascertain the intent and purpose of a testator as disclosed by the language of a will. Obviously, the intent of a testator is of basic importance. In this case, however, the intent of the testatrix is, at best, ambiguous.

Most, if not all, states have adopted proration statutes similar to that of Nebraska as to estate taxes. Such statutes express the policy that each and every portion of the estate that created the tax shall bear its fair share of the tax burden. "The object sought to be accomplished by the proration statutes is the equitable allocation of the burden of the tax among those actually affected by that burden." Estate of Buckhantz, 120 Cal. App. 2d 92, 260 P. 2d 794.

Estate taxes in Nebraska are apportioned equitably in accordance with section 77-2108, R. R. S. 1943, unless a testator has directed otherwise in his will. An effective direction must be at least clearly inferable. Naffziger v. Cook, 179 Neb. 264, 137 N. W. 2d 804. The statute is mandatory in its terms. It has been in effect since 1949, and unaltered since 1953. The will of the testatrix and all the codicils were prepared by Nebraska counsel after

consultation with the testatrix and were executed in 1963 and later. If the testatrix had desired to direct that taxes of any kind should not be apportioned as provided by the statute, it would have been easy enough to say so clearly and unambiguously, but she did not do so. There is no language in the will which can be said to amount to an express direction against proration. Neither is there any express direction to the executors as to the payment of any taxes. At best, the language in the will, which expresses the testatrix' intention, is ambiguous, but the statute is unambiguous. We hold that under section 77-2108, R. R. S. 1943, estate taxes will be equitably apportioned in accordance with statutory rules unless there is a clear and unambiguous direction to the contrary. Ambiguities are to be resolved in favor of apportionment. See Estate of Armstrong, 56 Cal. 2d 796, 17 Cal. Rptr. 138, 366 P. 2d 490. The District Court was correct in directing the apportionment of estate taxes here in accordance with the provisions of section 77-2108, R. R. S. 1943.

The rules which require a clear and unambiguous direction in the will to shift the ultimate burden of estate taxes from the statutory pattern apply with even greater force to inheritance taxes. Under the provisions of Chapter 77, article 20, R. R. S. 1943, the appellants are chargeable with the payment of inheritance tax on the value of the benefit received by them under the bargain purchase option. Under the provisions of section 77-2011, R. R. S. 1943, the executors are required to deduct the tax from any property distributed, or to collect the tax "from the legatee or person entitled to such property." The statutory pattern imposes the inheritance tax on each beneficiary and the amount of the tax is based upon the value of the benefit received. The burden of inheritance taxes will be imposed upon the individual beneficiaries of the decedent in accordance with the statutory pattern unless there is a clear and unambiguous direction to the contrary in the will or other governing instrument.

Ambiguities will be resolved in favor of the statutory pattern.

The judgment and decree of the District Court was correct in all respects and is affirmed.

AFFIRMED.