*In re* ESTATE OF WILLIAM RALPH ROSER, Deceased (Carl A. Roser, Petitioner-Appellant, v. Gladys M. White *et al.*, Respondents-Appellees).

Fifth District   No. 5—83—0658

Opinion filed October 17, 1984.—Rehearing denied November 15, 1984.

A. Ben Mitchell and L. James Hanson, both of Musick & Mitchell, P.C., of Mt. Vernon, for appellant.

Thomas J. Wolf, Jr., of Thomas J. Wolf, Jr., P.C., and Robert H. Rath, both of Harrisburg, for appellee Gladys M. White.

JUSTICE KASSERMAN delivered the opinion of the court:

This appeal concerns construction of the last will and testament of William Ralph Roser, who died February 11, 1982, a resident of Orange County, Florida. The testator's foreign will, dated November 4, 1966, was admitted to probate in the circuit court of White County, Illinois, on April 30, 1982. Carl A. Roser, one of the residuary beneficiaries under such will, subsequently petitioned that court to declare that the Federal estate and State inheritance taxes due from the estate should be equitably apportioned, per Florida statute, among the beneficiaries under the testator's will and the beneficiaries of various *inter vivos* transactions of the testator. Respondents, Gladys M.

White and Doyle E. Roser, the two co-legal representatives of the estate, were also residuary beneficiaries under the will along with petitioner, Carl A. Roser. The circuit court found that the will manifested the testator's clear intent that said taxes not be subject to equitable apportionment, and petitioner appealed. We affirm.

At the time of his death, the testator was domiciled in Florida and owned substantial real and personal property in Florida and Illinois. The testator's will provides in pertinent part:

> "FIRST: I direct that all my just debts, the expenses of my last illness, funeral expenses, cost of burial plot and cost of reasonable monument (if I die without already purchasing same), spouse's award, expenses of administration, all inheritance and estate taxes which may be due, shall be paid out of my estate by my executor, hereafter named, as soon after my death as may be practicable.
>
> * * *
>
> THIRD: If my mother or father do not survive me, I give all of my property, real and personal wherever situated, in equal shares to my brothers and sister Carl Roser, Doyle Roser, and Gladys White per stirpes.
>
> * * *"

No other provision in the will relates to the payment of taxes.

Petitioner's petition to require equitable apportionment alleges, in essence, that the respondents, and to a much lesser extent other named persons, had received insurance proceeds, joint tenancy assets, gifts prior to death, and nonprobate trust assets which, although they did not pass under the testator's will, contributed to the estate's tax burden. According to the petition, the amount of Federal estate tax liability for the entire estate exceeds $600,000, and the amount of Federal estate tax liability in question with respect to the equitable apportionment issue exceeds $200,000. Petitioner urges on appeal that the circuit court erred in finding that equitable apportionment should not apply with respect to testator's estate.

A preliminary question arises concerning which State's laws are to be applied; however, the parties do not dispute that Florida law should govern. We agree. See *Doetsch v. Doetsch* (7th Cir. 1963), 312 F.2d 323, 327-28.

Florida has a statute providing for equitable apportionment of taxes between testate and intestate property. This statute provides that "except as otherwise directed by the [decedent's] will," after certain specified tax payments not applicable to the case at bar are made, the balance of the tax (if any) shall be equitably apportioned

among recipients of gifts in contemplation of death, recipients of property passing by the will or by intestacy, recipients of insurance proceeds, and surviving joint tenants, such apportionment to be in the proportion that the value of the property or interest of each bears to the total value of all the properties and interests included in the measure of the tax. Fla. Stat. sec. 733.817(1)(e)(1981).

■■ ■ Thus the sole issue presented by the instant appeal is whether the testator's will "otherwise directed" a method of payment of inheritance and estate taxes other than by apportionment as provided by the Florida statute. In this regard, the testator's intent is the polestar of all will interpretation. (*In re Estate of Collin* (Fla. App. 1979), 368 So. 2d 1350, 1352.) The testator's intention should be determined from the will itself, if possible, and parol evidence may not be resorted to except in the case of an ambiguity. *In re Estate of Lesher* (Fla. App. 1979), 365 So. 2d 815, 817.

Petitioner argues that testator's will neither expressly nor implicitly indicates that equitable apportionment should not apply. On the other hand, respondent White argues that the Florida case of *In re Estate of Collin* deals with facts so similar that it requires affirmance of the instant judgment. We agree.

In *In re Estate of Collin*, the second clause of the will in question stated: "I do hereby direct that all my just debts, estate taxes, and expenses of my last illness and funeral expenses be paid out of my estate." (368 So. 2d 1350, 1353.) The residual clause of that will set forth multiple bequests as percentages of the entire residue. The court in *In re Estate of Collin* concluded that where the taxes are grouped with debts, expenses and costs of administration and are coupled with a clause directing that the residue be divided into portions set forth as percentages of the entire residue, then such direction indicates that the testator intended that the percentages set forth reflect the after-tax proportions to be received under the will, *i.e.*, that nonapportionment had thereby been directed. The court noted with approval the reasoning in *University of Louisville v. Liberty National Bank & Trust Co.* (Ky. 1973), 499 S.W.2d 288, that the clause directing payment of expenses, debts, and costs of administration indicates that those items are to be paid "off the top," and that since taxes are grouped with those items, taxes are intended to be paid "off the top" as well. (See also *In re Estate of Barret* (Fla. App. 1962), 137 So. 2d 587, 592.) Furthermore, it is noteworthy that the *In re Estate of Collin* court reached this conclusion despite that court's express recognition that (1) the will draftsman testified that the tax issue had not been considered when the will was drafted; (2) the Flor-

ida statute stated the requirement that the will have "otherwise directed," as opposed to requiring evidence of contrary intent, and (3) within reasonable limits, a decedent is presumed to know the law.

■ It is conceded that Florida law controls the issue presented by the instant appeal, and in our opinion, *In re Estate of Collin* controls construction of the instant will. Decedent's will groups inheritance and estate taxes with debts, expenses of burial and last illness, spouse's award, and expense of administration, and all are directed to be paid out of decedent's estate. The residue of the estate is to be divided into equal portions. (See *In re Estate of Barret* (Fla. App. 1962), 137 So. 2d 587, 592, in which "my entire estate" was construed as referring to all the property passing under decedent's will and did not include corporate stocks transferred by the testatrix to joint ownership with right of survivorship.) We further note in so concluding that while petitioner musters ample authority for a contrary result under Illinois law, in light of *In re Estate of Collin* we have no occasion to consider it.

Further, while we agree with petitioner that *In re Estate of Collin* is not indistinguishable on its facts from the instant case, the parties have found no better indication of the Florida courts' construction of that State's equitable apportionment statute in these circumstances, and our research has disclosed none. The decedent in the case at bar specified in his will that "all inheritance and estate taxes," together with expenses attending his last illness and burial, the administration of his estate and his surviving spouse's award "shall be paid out of" his estate. We conclude that this provision evinces an intention on the part of the decedent that his estate shall bear the burden of the inheritance and estate taxes and that such taxes were not to be proportionately borne by the beneficiaries of the *inter vivos* gifts of decedent.

For the foregoing reasons, the judgment of the circuit court of White County is affirmed.

Affirmed.

WELCH, P.J., and JONES, J., concur.