IN RE ESTATE OF EDWARD EMERSON SMATLAN, DECEASED. – ROBERT FORAL, APPELLANT, V. PHYLLIS VANICEK AND ALYCE VOLK, APPELLEES.

501 N.W.2d 718

Filed October 20 and December 29, 1992.   No. A-90-582.

Larry J. Karel, of Karel & Seckman, for appellant.

Stephen C. Hansen, of Luckey, Sipple, Hansen, Emerson & Schumacher, for appellees.

CONNOLLY, HANNON, and IRWIN, Judges.

CONNOLLY, Judge.

## INTRODUCTION

This appeal concerns the interpretation of a will. The appellant, Robert Foral, was a devisee of the estate of Edward Emerson Smatlan. Under paragraph 8 of Smatlan's will, Foral was to receive all of Smatlan's land along the Platte River. Smatlan had apparently acquired a 99-year lease on property on which a cabin was located, which property adjoined his land on the Platte. The personal representative filed a schedule of distribution listing the 99-year leasehold as the personal property of Phyllis Vanicek and Alyce Volk, Smatlan's daughters and the residuary heirs. Foral objected to the schedule of distribution, contending the 99-year leasehold was real estate and should pass to him pursuant to paragraph 8 of the will. The county court found for Foral, and Volk and Vanicek appealed. In a companion case assessing inheritance taxes, the county court held that inheritance taxes must be apportioned among the distributees and not paid from the residuary clause, and Foral appealed.

It appears that the district court consolidated the appeals on the leasehold issue and the inheritance tax issue. The district court then remanded to the county court, which held that the 99-year leasehold interest was personal property which passed under the residuary clause of Smatlan's will; the county court also held that inheritance taxes were to be apportioned among

the distributees. The Colfax County District Court affirmed. On appeal, Foral assigns as error (1) the district court's failure to recognize that the leasehold property along the Platte River is real estate passing to Foral under paragraph 8 of the will and (2) the assessment of inheritance taxes against Foral. We affirm.

## FACTS

The exact sequence of events in this case is difficult to reconstruct due to the fragmentary nature of the record presented on appeal.

The decedent was the holder of a 99-year lease which Edward B. Smatlan had entered into with William Hajek on June 24, 1943. The property subject to the lease adjoined lands owned by decedent at the time of his death and known as Smatlan's Island.

Smatlan died testate on February 27, 1987, domiciled in Colfax County, Nebraska. Smatlan had executed a will on January 20, 1986. This will was formally admitted to probate by the county court for Colfax County on January 26, 1988, at which time a personal representative was appointed, and Volk and Vanicek were determined to be Smatlan's heirs.

Paragraph 8 of the will provided:

> I devise a life interest to Robert Foral, 10407 Hansen Ave., of Omaha, Nebraska with the remainder to the Nebraska Game and Parks Foundation all of my land in and along the Platte River, in Colfax County, Nebraska, known as Smatlan's Island, and also carry all the lands that have heretofore been made, or which may hereafter be formed, and to carry all accretions and alluvial lands, to be theirs absolutely and forever, and to be identified with the name of Edward Emerson Smatlan in the public designation of the area.

Further, the residuary clause of the will provided: "All the remainder and residue of my estate, personal, real estate, or mixed, I devise to my children, Alyce Volk and Phyllis Vanicek, equally, share and share alike, absolutely and forever."

The personal representative filed the inventory of Smatlan's estate on February 17, 1988. The inventory described the tract of land along the Platte River as real estate and described the

99-year leasehold interest as personal property.

On July 20, 1988, the personal representative filed the schedule of distribution. The schedule of distribution listed a life interest in Smatlan's real estate along the Platte to be distributed to Robert Foral with the remainder to the Nebraska Game and Parks Foundation. The schedule of distribution also listed the leasehold for distribution to Volk and Vanicek, pursuant to the residuary clause of the will.

On July 27, 1988, Foral filed an objection to the schedule of distribution in county court on the grounds that paragraph 8 of the will was ambiguous and that the transfer of the leasehold to Volk and Vanicek was inconsistent with paragraph 8. The Nebraska Game and Parks Foundation filed a similar objection on August 19, 1988. This case was entered on the county court docket as case No. 8238.

On November 1, 1988, the county court found that the 99-year leasehold was a chattel real and real estate, pursuant to Neb. Rev. Stat. § 76-201 (Reissue 1990).

On November 29, 1988, a hearing was held in county court case No. 8243 to determine whether paragraph 1 of the will defeated the statutory apportionment of inheritance taxes. The court found that the decedent did not intend his personal representative to pay inheritance taxes. On December 2, the county court assessed Volk, Vanicek, and Foral their respective shares of the $9,062.19 inheritance tax.

On January 11, 1989, Foral moved to consolidate his appeal of the assessment of inheritance taxes in county court case No. 8243 with Volk and Vanicek's appeal, which had apparently been taken from the order in county court case No. 8238. Here the track grows cold, since Volk and Vanicek's notice of appeal was not included in the transcript presented to this court.

On February 6, 1989, a hearing on appeal was held in district court, and on March 17 the district court affirmed the judgment in county court case No. 8243, but remanded for further proceedings.

On March 28, 1989, Foral moved for a new trial in the district court, apparently on the issue of inheritance taxes, and on May 9, the district court filed an order sustaining this motion and remanding the cause to the county court. The district court

indicated that, on remand, the county court must first find whether the will was ambiguous before it reached the issue of whether the 99-year lease was real estate.

On October 5, 1989, a hearing was held in county court. On October 13, the county court order was filed which found that the will was not ambiguous and that the leasehold was not real estate. Further, the county court found that paragraph 1 of Smatlan's will did not contain clear and unambiguous language that would overcome the pro rata statutory apportionment of inheritance taxes. Foral appealed the judgment of the county court. On June 26, 1990, the district court affirmed the county court's judgment. Foral now appeals to this court.

We note at the outset that an appellate court reviews probate cases for error appearing on the record. *In re Estate of McFayden*, 235 Neb. 214, 454 N.W.2d 676 (1990).

## THE LEASEHOLD—REAL ESTATE
## OR PERSONAL PROPERTY

In his first assignment of error, Foral argues that the lower courts disregarded the intention of the testator, as determined from the whole instrument, that the 99-year leasehold pass as real estate.

Specifically, Foral argues that the phrase "all of my land in and along the Platte River" is ambiguous, since it would include both Smatlan's land and the cabin subject to the lease. Foral contends that this is a patent ambiguity, while Volk and Vanicek deny that a patent ambiguity is the issue and argue that Foral is actually describing a latent ambiguity. The question we must determine, therefore, is whether the will contains either a patent or latent ambiguity.

The Nebraska Supreme Court has stated that a patent ambiguity in a will is one appearing on the face of the instrument as a result of the language contained therein, *In re Estate of Corrigan*, 218 Neb. 723, 358 N.W.2d 501 (1984), whereas a latent ambiguity is one outside the will, *In re Estate of Florey*, 212 Neb. 665, 325 N.W.2d 643 (1982).

Furthermore, a latent ambiguity exists when the testator's words are susceptible of more than one meaning, and the uncertainty arises not upon the words of the will as looked at in

themselves, but upon those words when applied to the object or subject which they describe. *Krueger v. Krueger,* 169 Neb. 82, 98 N.W.2d 360 (1959).

Therefore, a patent ambiguity is a case where the same word in a will has two meaning discernible from the face of the will itself, whereas a latent ambiguity is a case where the word has two meanings, but only when extrinsic evidence is brought to bear.

Therefore, the question is whether the language "all of my land in and along the Platte River" is ambiguous in itself. The answer to this question must be in the negative, since "land" is not an ambiguous term. The term "land" as it is used in the will means anything that can be classed as real estate or real property. *Reynard v. City of Caldwell,* 55 Idaho 342, 42 P.2d 292 (1935). A review of the language of the will, therefore, indicates that paragraph 8 is not patently ambiguous.

Moreover, the will is not latently ambiguous. The will refers to "all of my land in and along the Platte River." There is no dispute about the subject real estate owned by Smatlan at his death, as this can be easily identified from deed descriptions.

Foral next claims that "legal principles can also be utilized to determine the Testator's intention because leases are as readily referred to as lands and real estate as they are referred to as personalty." Brief for appellant at 12. Foral relies on an annotation to § 76-201 derived from *Lindburg v. Bennett,* 117 Neb. 66, 219 N.W. 851 (1928). That annotation reads: "Lease for ninety-nine years is a chattel real and therefore real estate." This annotation is misleading, since *Lindburg* has been consistently read as holding the contrary of that proposition.

The holding in *Lindburg* was explained in *Ashby v. Peters,* 124 Neb. 131, 245 N.W. 408 (1932). The *Ashby* court stated:

The question as to whether or not a leasehold for a term of ninety-nine years is real estate is discussed at length in the briefs, and while it is true that for the purposes of conveyancing a lease of more than one year is termed real estate and may be referred to as real estate in a highly technical sense, still it cannot be said that a lease for more than one year is real estate in the common acceptation of the term. In fact, this court has expressly stated the

contrary.

*Ashby*, 124 Neb. at 141, 245 N.W. at 412. The *Ashby* court cites *Lindburg* as authority for the contrary proposition, as well as *Nelson v. Radcliffe*, 110 Neb. 54, 192 N.W. 958 (1923); *Zabriskie v. Greater American Exposition Co.*, 67 Neb. 581, 93 N.W. 958 (1903); and *Mulloy v. Kyle*, 26 Neb. 313, 41 N.W. 1117 (1889). See, also, *Hartman v. Drake*, 166 Neb. 87, 87 N.W.2d 895 (1958); *Offutt Housing Co. v. County of Sarpy*, 160 Neb. 320, 70 N.W.2d 382 (1955). Therefore, the 99-year leasehold is not real estate, but personal property under Nebraska law and passes to the residuary heirs.

"When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible." *In re Estate of Walker*, 224 Neb. 812, 818-19, 402 N.W.2d 251, 256 (1987). Foral's first assignment of error is without merit.

## INHERITANCE TAXES

In his second assignment of error, Foral urges that the court erred in finding that paragraph 1 of the will does not require the personal representative to pay inheritance taxes.

Paragraph 1 of Smatlan's will provided: "I direct that my Personal Representative hereinafter named to pay all of my just debts, including funeral expenses, taxes and costs of administration, as soon after my death as is practicable."

Foral argues that paragraph 1 extends to inheritance taxes, since "all of my just debts" would cover income and real estate taxes.

An inheritance tax is imposed on a beneficiary's right to receive a portion of the property of the decedent and is a tax of the beneficiary and not of the decedent. *Nielsen v. Sidner*, 191 Neb. 324, 215 N.W.2d 86 (1974); Neb. Rev. Stat. § 77-2003 (Reissue 1990).

The burden of inheritance taxes will be imposed upon the individual beneficiaries of the decedent in accordance with the statutory pattern unless there is a clear and unambiguous direction to the contrary in the will or other governing instrument. *Nielsen, supra*.

In the case at bar, the language contained in paragraph 1, "I direct that my Personal Representative hereinafter named to

pay all of my just debts, including . . . taxes," is not ambiguous and does not refer to a death tax on someone other than the decedent. See *In re Ogburn's Estate*, 406 P.2d 655 (Wyo. 1965).

Therefore, the county court did not err in imposing inheritance taxes on the beneficiaries. The judgment of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.