IN RE ESTATE OF LEONARD G. ERIKSEN, DECEASED.
T. RICHARD ERIKSEN, APPELLANT, V. SHIRLEY MACRANDER,
PERSONAL REPRESENTATIVE, ET AL., APPELLEES.

716 N.W.2d 105

Filed June 23, 2006.   No. S-04-966.

Lawrence K. Sheehan and George T. Blazek, of Ellick, Jones, Buelt, Blazek & Longo, for appellant.

Darren R. Carlson, of Walentine, O'Toole, McQuillan & Gordon, for appellees Pat McGuire and Bart McGuire.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, T. Richard Eriksen, a residuary devisee, purchased a family farm under an option in the will of his deceased uncle Leonard G. Eriksen (Leonard). After purchase, Eriksen allowed Leonard's estate to make elections under the federal tax code, I.R.C. §§ 2032A and 2057 (2000 & Supp. III 2003), resulting in a tax refund to the estate. The election imposes on Eriksen both responsibilities and potential liabilities. Eriksen sought to be paid the tax savings under Neb. Rev. Stat. § 77-2108 (Reissue 2003), which provides for apportionment of federal estate taxes, and appellees Pat McGuire and Bart McGuire, residuary devisees, objected. The county court determined that the will directed how the taxes should be apportioned and did not address application of § 77-2108. We determine that the will did not control apportionment of taxes and that the court should have applied § 77-2108. Accordingly, we reverse, and remand for further proceedings to apply § 77-2108.

## BACKGROUND

Eriksen farmed Leonard's land for 10 years before Leonard's death. Leonard died in 2002. The land was part of his residuary estate, which he devised to 13 of his nieces and nephews. The will stated: "After the payment of my final debts, expenses of administration and taxes, I give and bequeath all of my property and estate to [various devisees, including the nieces and nephews]." The will, however, granted the nieces and nephews the right to purchase the farm. Eriksen was the only one to exercise the option and purchased the land in June 2003, for the appraised value of $1,174,330.

A federal estate tax return had been due in May 2003, but the estate accountant, Steven E. Pribnow, filed for an extension of time and sent an estimated tax payment of $330,000. In addition, Pribnow discussed with Eriksen the possibility of making a "special use valuation election," available under the federal tax code. See § 2032A. Eriksen informed Pribnow that he believed he was also qualified for a "qualified family-owned business interest" election. See § 2057.

In general terms, § 2032A provides for a special valuation of farm or real property used in a family-owned business, and § 2057 allows a deduction for certain family-owned business interests. Under both provisions, the qualified heir who obtains the property must materially participate in the operation of the business for 10 years following the decedent's death. The qualified heir must also sign an agreement agreeing to pay recapture taxes that will be imposed if the qualified heir sells the property or ceases to participate in its operation within the required period. As the owner of the land, Eriksen was required to sign the agreement before the estate could make the elections.

After discussing the matter with his attorney, Eriksen sent a letter to Pribnow stating his belief that he was entitled to all the tax savings under the elections, but stated that he would sign the agreements and split the savings 75-25 with the other devisees to avoid any disputes and accomplish a quick resolution of the estate. Pribnow then sent a letter dated November 6, 2003, to the devisees explaining the effect of the elections, stating that he thought the offer was fair and reasonable and that "[t]he estate can make the tax elections with or without your approval under the

circumstances, and will probably do so." Eriksen's attorney received a telephone call from appellee Pat McGuire on November 12, stating that he had talked to some of the other devisees and that they agreed with the proposal. But not all of the devisees agreed.

The estate made the elections, and later, several devises rejected Eriksen's proposal. In January 2005, the estate received a refund generated by the elections. Eriksen filed a petition seeking the tax savings under § 77-2108, and some, but not all, of the devisees objected. The county court determined that the will required distribution after payment of taxes and denied the petition. Thus, the court did not apply § 77-2108 or address issues concerning the proper apportionment under § 77-2108. Eriksen appeals.

## ASSIGNMENTS OF ERROR

Eriksen assigns, rephrased, that the county court erred by (1) not apportioning the tax savings in favor of Eriksen and (2) not determining that the residuary devisees were unjustly enriched.

## STANDARD OF REVIEW

█ Review of apportionment proceedings under § 77-2108 is de novo on the record. See *In re Estate of Detlefs*, 227 Neb. 531, 418 N.W.2d 571 (1988).

## ANALYSIS

Eriksen contends that the will does not control apportionment because it only generally addresses payment of taxes without addressing the apportionment of taxes between devisees. He argues that absent such a specific direction in the will, the taxes are to be apportioned under § 77-2108.

Section § 77-2108 provides in part:

> Whenever it appears upon any accounting or in any appropriate action or proceeding that a personal representative, executor, administrator, trustee,.or other person acting in a fiduciary capacity has paid or may be required to pay any transfer tax levied or assessed under sections 77-2101 to 77-2116 or under the provisions of any federal estate or generation-skipping transfer tax law heretofore or hereafter enacted upon or with respect to any property required to be included in the gross estate of a decedent or total amount of generation-skipping transfer under the

provisions of any such law, the amount of the tax so paid or payable, except as otherwise directed in the decedent's will or except in a case when by written instrument executed inter vivos direction is given for apportionment within the fund of the taxes assessed upon the specific fund dealt with in such inter vivos instrument, shall be equitably apportioned and prorated among the persons interested in the estate or transfer. Such apportionment and proration shall be made in the proportion as near as may be that the value of the property, interest, or benefit of each such person bears to the total value of the property, interests, or benefits received by all such persons interested in the estate or transfer, except that in making such proration, allowances shall be made for any exemptions granted by the law imposing the tax and for any deductions, including any marital deduction, allowed by such law for the purpose of arriving at the value of the net estate or transfer.

Most states have adopted apportionment statutes. See *Nielsen v. Sidner*, 191 Neb. 324, 215 N.W.2d 86 (1974). The statutes express the policy that each portion of the estate that created the tax shall bear its fair share of the tax burden. *Id.*

Estate taxes in Nebraska are apportioned equitably under § 77-2108 unless a testator has directed otherwise in his or her will. *Nielsen, supra.* We have held that estate taxes will be apportioned under § 77-2108 unless there is a clear and unambiguous direction to the contrary. Any ambiguity is to be resolved in favor of apportionment under § 77-2108. *Nielsen, supra.* Further, we have indicated that to remove the will from the terms of § 77-2108, the testator must provide an express direction against statutory apportionment. *Nielsen, supra.*

At oral argument, the appellees conceded that the phrase: "After the payment of my final debts, expenses of administration and taxes, I give and bequeath all of my property and estate to [various devisees, including the nieces and nephews]" was not an apportionment clause. Therefore, the will did not direct against statutory apportionment and the court should have applied § 77-2108.

Eriksen next contends that under § 77-2108, he should be allocated the tax savings caused by his elections. But the county

court did not decide issues regarding apportionment under § 77-2108. Further, at oral arguments, the parties agreed that the residuary of the estate had not been distributed and informed the court that the § 2057 election has now been denied by the Internal Revenue Service. Until the estate taxes have been finally determined, § 77-2108 cannot be applied.

In addition, a determination about apportionment involves a number of issues that could require additional factual findings. The county court did not address apportionment under § 77-2108 and did not make specific factual findings, because it determined that the will controlled instead of the statute. An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006). Accordingly, we do not address the apportionment under § 77-2108 and remand the matter for that determination by the county court when the final amount of federal estate taxes has been determined.

Likewise, the county court did not address Eriksen's unjust enrichment arguments, and an application of § 77-2108 could potentially affect those claims. Accordingly, we also do not address unjust enrichment and remand the matter for determination by the county court.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., participating on briefs.