that stipulation was equivalent of pretrial order and that party which stipulated to issues to be tried could not complain on appeal that other issues should have been included).

We conclude that ADM is bound by its stipulation to limit the issues in this matter—including on appeal—to its entitlement to the claimed 2010 personal property tax exemption, thereby excluding consideration of the issue regarding the hearing officer on appeal. In any event, given the clear provisions of the Act and implementing regulations requiring rejection of ADM's untimely claimed exemption, there is no basis to expect a different outcome at the Department or at TERC; nor is it reasonable to expect that a ruling contrary to our decision discussed above would be upheld on appeal to this court.

## CONCLUSION

Because ADM did not timely file its claim for a personal property tax exemption for the subject property for the year 2010, ADM is not entitled to the exemption, and TERC did not err when it affirmed the order of the Tax Commissioner which denied ADM's protest. Accordingly, we affirm.

AFFIRMED.

————————————

IN RE ESTATE OF MARVIN H. SHELL, DECEASED.
JANE M. VOBORIL, PERSONAL REPRESENTATIVE OF THE ESTATE
OF MARVIN H. SHELL, DECEASED, APPELLEE, V. MARVIN G.
VANOSDALL, PERSONAL REPRESENTATIVE OF THE ESTATE
OF SHARON VANOSDALL, DECEASED, APPELLANT.
___ N.W.2d ___

Filed May 1, 2015.    No. S-14-281.

1.  **Decedents' Estates: Appeal and Error.** An appellate court reviews probate cases for error appearing on the record made in the county court.
2.  **Decedents' Estates: Judgments: Appeal and Error.** When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.
3.  **Wills: Trusts.** The interpretation of the words in a will or a trust presents a question of law.

4. **Decedents' Estates: Taxation.** The inheritance tax is a tax on the beneficiary, not the decedent.

5. **Decedents' Estates: Wills: Taxation: Intent.** A testator who wants to shift the burden of the inheritance tax may employ any word or combination of words that the testator desires, and a few simple words might be enough to show his or her intent. But the direction in the will must be clear and unambiguous in order to supplant the statutory pattern.

6. **Decedents' Estates: Taxation: Intent.** Any ambiguities about whether a testator intended to shift the burden of the inheritance tax are resolved in favor of the statutory pattern.

Appeal from the County Court for Lancaster County: MATTHEW L. ACTON, Judge. Affirmed.

Patrick M. Heng, of Waite, McWha & Heng, for appellant.

Mary Stoughton Wenzel for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CONNOLLY, J.

## SUMMARY

Jane M. Voboril and Sharon Vanosdall are the two beneficiaries of Marvin H. Shell's will. The distributions to Voboril and Vanosdall are subject to different amounts of inheritance taxes, but the county court found that the will expressed Shell's intent to treat the taxes as an expense of the estate. Vanosdall contended that the will does not clearly express this intent. Therefore, she argued that each beneficiary's distribution should bear the inheritance tax allocable to that distribution under the statutory pattern. Because the will shows Shell's intent to treat inheritance taxes as an expense of his estate, we affirm.

## BACKGROUND

Shell died in February 2012. Voboril is Shell's niece. Vanosdall was Shell's sister-in-law. At oral argument, counsel for the appellant indicated that Vanosdall died during the pendency of her appeal. Counsel filed a suggestion of death and moved to revive the action. We sustained the motion and substituted the personal representative of Vanosdall's estate as the appellant.

The last will and testament of Shell gives one-half of the residue of the estate to Voboril and one-half to Vanosdall. The will does not make any general or specific devises or bequests. Paragraph I directs the payment of expenses and taxes:

> I authorize my Personal Representative to pay from the principal of my residuary estate as soon as is practicable, all of my debts legally owing at the time of my death and/or as allowed in the administration of my estate, the expenses of my funeral and last illness, all of the expenses of the administration of my estate, including a reasonable fee for my Personal Representative. I also authorize my Personal Representative to pay from my probate estate, without contribution or reimbursement from any person, all inheritance, legacy or estate taxes, including interest and penalties thereon, payable by reason of my death with respect to property passing under my Will, or otherwise, including any property held by me jointly with any person with right of survivorship and any collateral taxes on property passing by this Will.

The will nominates Voboril to serve as the personal representative.

Voboril applied for informal probate of the will in February 2012. The county court found that the will was the original, duly executed, and unrevoked last will and testament of Shell. The court issued a statement of informal probate and appointed Voboril as the personal representative.

Voboril filed inventories listing about $204,000 of "Probate Items" and $1,083,000 of "Non-probate Items." The nonprobate property consisted of several "Annuities" owned by Shell with payable-on-death designations in favor of Voboril and Vanosdall. The court entered an order determining and assessing inheritance tax which stated that Voboril owed $64,900.80 of inheritance taxes and Vanosdall owed $7,103.57.

Voboril petitioned for a complete settlement. The accounting Voboril submitted included "Nebraska Inheritance Tax payment $72,004.37" as an expense of the estate. By treating inheritance taxes as an expense of the estate, Voboril effectively subtracted an equal amount from her and Vanosdall's distributions. Vanosdall filed an objection, asserting that the

submitted accounting and distribution schedule made "deductions for the Nebraska State Inheritance Tax and other distributions contrary to both the Will and the current Nebraska State Law."

At the hearing on the petition for complete settlement, Voboril's lawyer argued that paragraph I of the will showed Shell's intent to treat inheritance taxes "as any other type of expense of the administration." The court entered an order to "resolv[e] a question of inheritance tax in the administration of the estate." Because the will made a "specific reference to inheritance tax," the court found that it clearly and unambiguously expressed Shell's intent to pay inheritance taxes "from the assets of the estate."

The court entered an order for complete settlement approving Voboril's accounting—which treated inheritance taxes as an expense of the estate—and the distribution schedule.

## ASSIGNMENT OF ERROR
Vanosdall assigned, consolidated, that the court erred by finding that the will clearly and unambiguously showed Shell's intent to treat inheritance taxes as an expense of the estate.

## STANDARD OF REVIEW
[1-3] An appellate court reviews probate cases for error appearing on the record made in the county court.[1] When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.[2] The interpretation of the words in a will or a trust presents a question of law.[3]

## ANALYSIS
Vanosdall argued that the court erred by treating inheritance taxes "as an expense of the estate prior to any distribution."[4] Instead, she contended that Voboril, as personal representative,

---

[1] *In re Estate of Odenreider*, 286 Neb. 480, 837 N.W.2d 756 (2013).

[2] *Id*.

[3] *Martin v. Ullsperger*, 284 Neb. 526, 822 N.W.2d 382 (2012).

[4] Brief for appellant at 7.

should subtract inheritance taxes from Vanosdall's and Voboril's distributions "in proportion to the actual tax rate that each would be taxed on the amounts [she] receive[s]."[5] Vanosdall argued that treating inheritance taxes as an expense of the estate runs afoul of the will's instruction to pay inheritance taxes "without contribution or reimbursement from any person." Voboril responds that the will expresses Shell's intent that "his estate be equally divided between two people <u>after</u> the payment of all expenses of the estate."[6]

Chapter 77, article 20, of the Nebraska Revised Statutes imposes inheritance taxes on a beneficiary's distribution based on the beneficiary's relationship to the decedent.[7] Neither party disputes that the portion of Vanosdall's distribution in excess of $40,000 is taxed at 1 percent[8] and that the portion of Voboril's distribution in excess of $15,000 is taxed at 13 percent.[9] Generally, the fiduciary charged with distributing a decedent's property deducts the inheritance taxes from that property.[10] But under Neb. Rev. Stat. § 77-2038 (Reissue 2009), "the decedent's will may provide direction for the apportionment of the taxes."

[4-6] The inheritance tax is imposed on the beneficiary's right to receive a portion of the decedent's property.[11] It is therefore a tax on the beneficiary, not the decedent.[12] A testator who wants to shift the burden of the tax may employ any word or combination of words that the testator desires, and a few simple words might be enough to show his or her intent.[13] But the direction in the will must be clear and unambiguous

---

[5] *Id.* at 8.

[6] Brief for appellee at 3 (emphasis in original).

[7] See, Neb. Rev. Stat. §§ 77-2004 and 77-2005 (Reissue 2009); *Nielsen v. Sidner*, 191 Neb. 324, 215 N.W.2d 86 (1974).

[8] See § 77-2004 and Neb. Rev. Stat. § 77-2005.01(1) (Reissue 2009).

[9] See § 77-2005.

[10] Neb. Rev. Stat. § 77-2011 (Reissue 2009).

[11] *In re Estate of Smatlan*, 1 Neb. App. 295, 501 N.W.2d 718 (1992).

[12] *Id.*

[13] *Stuckey v. Rosenberg*, 169 Neb. 557, 100 N.W.2d 526 (1960).

in order to supplant the statutory pattern.[14] Any ambiguities are resolved in favor of the statutory pattern.[15]

Consistent with these principles, we have held that language in a will directing the personal representative to pay "'my'" debts, expenses, and "'taxes'" is not an effective "apportionment clause."[16] But we have determined that clauses expressly referring to estate and inheritance taxes and directing that they be paid from the residuary estate are sufficient to supplant statutory apportionment methods.[17]

We conclude that paragraph I of the will clearly shows Shell's intent to treat inheritance taxes as an expense of the estate, instead of a tax proportionally borne by the beneficiaries under the statutory pattern. The will expressly refers to inheritance taxes and directs that they be paid "from my probate estate." Generally, courts have concluded that language directing the executor to pay estate and inheritance taxes exonerates the beneficiaries of their tax burden.[18] Furthermore, the sentence in question immediately follows a direction to pay Shell's debts, the expenses of his funeral, and the expenses of the administration of his estate. Coupling a direction to pay estate and inheritance taxes with a direction to pay the testator's debts, funeral expenses, and administration costs shows the testator's intent to pay the taxes "'off the top.'"[19]

---

[14] *Nielsen v. Sidner, supra* note 7; *In re Estate of Smatlan, supra* note 11. See, also, *In re Estate of Eriksen*, 271 Neb. 806, 716 N.W.2d 105 (2006); *Naffziger v. Cook*, 179 Neb. 264, 137 N.W.2d 804 (1965).

[15] *Nielsen v. Sidner, supra* note 7; *In re Estate of Smatlan, supra* note 11. See, also, *In re Estate of Eriksen, supra* note 14.

[16] *In re Estate of Eriksen, supra* note 14, 271 Neb. at 809, 716 N.W.2d at 108. See, also, *Nielsen v. Sidner, supra* note 7; *Naffziger v. Cook, supra* note 14; *In re Estate of Smatlan, supra* note 11.

[17] See, *Wondra v. Platte Valley State Bank & Trust Co.*, 194 Neb. 41, 230 N.W.2d 182 (1975); *Gretchen Swanson Family Foundation, Inc. v. Johnson*, 193 Neb. 641, 228 N.W.2d 608 (1975). See, also, *Rasmussen v. Wedge*, 190 Neb. 818, 212 N.W.2d 637 (1973).

[18] Annot., 69 A.L.R.3d 122 (1976). See, e.g., *In re Estate of Roser*, 128 Ill. App. 3d 411, 470 N.E.2d 1135, 83 Ill. Dec. 715 (1984).

[19] See *University of Louisville v. Liberty Nat. Bank & T. Co.*, 499 S.W.2d 288, 289 (Ky. App. 1973).

Contrary to Vanosdall's argument, treating inheritance taxes as an expense of the estate does not result in a "contribution" or "reimbursement" under the terms of the will. In the context of estate and inheritance taxes, the terms "contribution" and "reimbursement" might refer to the equitable apportionment of estate taxes,[20] the apportionment of estate and inheritance tax liability between probate and nonprobate property,[21] or attempts by fiduciaries or beneficiaries who paid more than their share of estate or inheritance taxes to recover the amount of overpayment from other beneficiaries or the estate.[22] So, Shell's direction to pay inheritance and estate taxes "without contribution or reimbursement" shows his intent to avoid the sometimes complicated prorating of such taxes between fiduciaries, beneficiaries, and probate and nonprobate assets by simply treating inheritance taxes as an expense of the probate estate.[23] Other courts interpreting similar language have reached like conclusions.[24]

## CONCLUSION

We conclude that the will expresses Shell's intent to treat inheritance taxes as an expense of the estate.

Affirmed.

---

[20] See *National Newark & Essex Bank v. Hart*, 309 A.2d 512 (Me. 1973).

[21] See, *Oviatt v. Oviatt*, 24 Ohio Misc. 98, 260 N.E.2d 136 (Ohio Prob. 1970); *Cornwell v. Huffman*, 258 N.C. 363, 128 S.E.2d 798 (1963); *Matter of Durkee*, 183 Misc. 382, 47 N.Y.S.2d 721 (N.Y. Sur. 1944).

[22] See, I.R.C. § 2205 (2012); 47B C.J.S. *Internal Revenue* § 512 (2015); 47C C.J.S. *Internal Revenue* § 745 (2015); 85 C.J.S. *Taxation* § 2032 (2010).

[23] See *In re Estate of Williams*, 366 Ill. App. 3d 746, 853 N.E.2d 79, 304 Ill. Dec. 547 (2006).

[24] See, *Bunting v. Bunting*, 60 Conn. App. 665, 760 A.2d 989 (2000); *Estate of Flanigan v. Flanigan*, 175 Colo. 499, 488 P.2d 897 (1971). See, also, *In re Poffenbarger*, 40 Misc. 3d 482, 961 N.Y.S.2d 731 (N.Y. Sur. 2013); *Landmark Trust Co. v. Aitken*, 224 Ill. App. 3d 843, 587 N.E.2d 1076, 167 Ill. Dec. 461 (1992).